424 F.Supp. 142 (1975)
In the Matter of James Henry CHANDLER, Jr., Bankrupt,
and
In re Barbara Louise CHANDLER, Bankrupt.
Nos. 74-2376B (4-B), 74-2377B (4-B).
United States District Court, E. D. Missouri, E. D.
November 25, 1975.
*143 Eugene V. Krell, St. Louis, Mo., for plaintiff.

ORDER
NANGLE, District Judge.
Plaintiff-appellant, Associates Financial Services Company of Missouri, Inc. has taken this appeal from a determination of the Bankruptcy Court that a debt owing to plaintiff is dischargeable in bankruptcy. Plaintiff contends that a default judgment should have been entered against the bankrupts and that the bankruptcy judge was in error for failing to enter such an order.
Plaintiff's complaint was filed on February 26, 1975; return of service and notice of trial was filed on March 4, 1975. The hearing, originally set for March 31, was continued until April 11, 1975. All parties appeared at the hearing. At no time did the debtors file a reply to plaintiff's complaint and at no time did the plaintiff move for a default judgment.
Rule 755 of the Bankruptcy Rules states:
When a judgment is sought against a party in adversary proceedings and such party has, without sufficient excuse, (1) failed to plead or otherwise defend or, (2) having filed a pleading or motion, is not ready to proceed with trial on the day set therefor in accordance with these rules, the court upon request therefor shall enter a judgment by default. . . . [emphasis added].
It is clear that the entry of a default judgment is discretionary with the judge. Hanley v. Volpe, 48 F.R.D. 387 (E.D.Wisc. 1970). It is also clear that plaintiff did not request the entry of such a judgment as is required by the Rule.
Plaintiff has not indicated to this Court how it was prejudiced in any way by the debtors' failure to plead. In light of this and plaintiff's failure to move for the entry of default judgment, this Court cannot conclude that the bankruptcy court erred in resolving the merits of the dispute.
Therefore,
IT IS HEREBY ORDERED that the decision of the bankruptcy court in this matter be and is affirmed.