**In the Matter of John Michael DOBASH, Bankrupt.**

**Jerry ARMSTRONG, Trustee, Plaintiff,**

**v.**

**John Michael DOBASH, Defendant.**

**Bankruptcy No. 79–00054.**

United States Bankruptcy Court,
W. D. Wisconsin.

May 1, 1981.

Jerry J. Armstrong, Madison, Wis., for trustee.

## OPINION

ROBERT D. MARTIN, Bankruptcy Judge.

On January 11, 1979, John Dobash filed a chapter VII bankruptcy petition. Jerry Armstrong was appointed as trustee in the case. On January 31, 1979, the court ordered Dobash to "pay over to the trustee in this case any and all tax refunds to which the bankrupt(s) is entitled, endorsing and delivering to such trustee all checks representing such income tax refunds." April 3, 1979, Dobash was granted a discharge.

On January 6, 1981, approximately 21 months after the discharge was granted, the trustee filed a complaint to revoke Dobash's discharge based on his failure to comply with the court's order to turn over the tax refunds. On the same day the complaint was filed, the trustee mailed a summons, complaint, and a notice of pretrial to Dobash at the address shown in his petition filed January 11, 1979, and to an address given to the trustee by Dobash on or about July 31, 1979. The trustee also mailed copies of the documents to the bankrupt's attorney of record. All documents mailed to Dobash were returned by the post office as "Not Deliverable as Addressed, Unable to Forward." The bankrupt's attorney moved to withdraw as attorney of record as he was unable to contact his client and, therefore, unable to answer the complaint. His motion was granted. After the time to answer the complaint had run, the trustee moved for a default judgment.

Default judgments are governed by Bankruptcy Rule of Procedure 755 which states in pertinent part:

(a) *Entry and Service of Copy of Judgment.* When a judgment is sought against a party in adversary proceedings and such party has, without sufficient excuse, (1) failed to plead or otherwise defend or, (2) having filed a pleading or motion, is not ready to proceed with trial on the day set therefor in accordance with these rules, the court upon request therefor shall enter a judgment by default . . . .

Rule 755 is patterned on F.R.C.P. 55, but has several differences, including the "without sufficient excuse" language. The difficult question of whether the facts of this case constitute a "sufficient excuse" to prevent the entry of a default judgment need not be decided because another issue is determinative in this case.

The court may revoke a discharge, the remedy requested by the trustee's complaint,

[U]pon the application of a creditor, the trustee, the United States attorney, or any other party in interest, who has not been guilty of laches, filed at any time within one year after a discharge has been granted, if it shall appear (1) that the discharge was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the applicant since the discharge was granted, and that the facts did not warrant the discharge; or (2) that the bankrupt, before or after discharge, received or became entitled to receive property of any kind which is or which became a part of the bankrupt estate and that he knowingly and fraudulently failed to report or to deliver such property to the trustee; or (3) that the bankrupt during the pendency of the proceeding refused to obey any lawful order of, or to answer any material question approved by, the court. The application to revoke for such refusal may be filed at any time during the pendency of the proceeding or within one year after the discharge was granted, whichever period is longer. Section 15, Bankruptcy Act of 1898.

Although more than a year has elapsed since the discharge, the proceeding is still pending, therefore, the complaint to revoke discharge under § 15(3) would still be viable as long as the trustee "has not been guilty of laches." What constitutes laches under § 15 has been defined by case law rather than statute. In *In Re Downing*, 199 F. 329, 28 Am.Bankr.Rep. 778, 783 (D.C.N.Y.1912), the court stated:

I must find that both Barbara Troutwine and George F. Troutwine were guilty of undue laches after having actual knowledge that the discharge had been granted. No reason or excuse is shown for not moving promptly to set aside and vacate the order granting the discharge after having notice thereof . . . .

Similarly, the petitioner was found guilty of laches where the creditor with knowledge of the pertinent facts failed to act until five months after the discharge had been granted. *In Re Knofsky*, 20 F.2d 206, 9 Am. Bankr.Rep. (N.S.) 540 (D.C.Pa.1927). In *In Re Oleson*, 110 F. 796, 7 Am.Bankr.Rep. 22, 25 (Iowa, 1901), the application to revoke discharge was denied due to laches. The court stated:

When the petition for discharge came up for hearing, it was not opposed . . . . The discharge was granted, and now, eleven months thereafter, it is sought to set aside the discharge, on the allegation that this mortgage was given without consideration and as a means for covering up the property of the debtor. No showing of facts is made explaining why the validity of this mortgage was not inquired into during the pendency of the proceedings. The evil that may result from allowing attacks upon the validity of a discharge months after it has been granted is apparent. The bankrupt, having received his discharge, will ordinarily engage in new business enterprises, and may become indebted to many persons, who, in good faith, extend credit to him in the belief that the discharge granted bars the pre-existing indebtedness, and

their rights will be seriously affected if the discharge is revoked and held for naught.

 The policy considerations stated in the case law for determining laches remains applicable today. A party in interest is guilty of laches when it has failed to act within a reasonable period of time after it has obtained knowledge of facts which may otherwise be grounds for revocation of a discharge.

 In this case, the trustee was aware of the income tax refunds at least as early as January 31, 1979, the date the court ordered the bankrupt to turn the tax refunds over to the trustee. The trustee did not object to a discharge being granted April 3, 1979. Even after the 1978 return filing date had passed and refunds could have been expected to be made, the trustee waited. The trustee failed to take any action to revoke the discharge until January 6, 1981, almost two years after he was aware of the tax refund assets and 21 months after the discharge had been granted. Sufficient reason for the trustee's inaction has not been shown. It must be assumed that the difficulties in obtaining personal service which the trustee has encountered would have been reduced by reasonable prompt action. Therefore, I must conclude that the trustee failed to act within a reasonable period of time and is guilty of laches.

It would be inequitable on the facts of this case to grant the trustee's motion for a default judgment to revoke the bankrupt's discharge. The trustee's motion for default judgment is denied.