**In re Theodore H. ALLAVENA d/b/a Tow-A-Way Towing & Wrecking Service, Debtor.**

**MILEASING COMPANY, Plaintiff,**

v.

**Theodore H. ALLAVENA d/b/a Tow-A-Way Towing & Wrecking Service, Defendant.**

**Bankruptcy No. 81–02165G.
Adv. No. 81–1150G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

March 17, 1982.

William M. Shields, Monteverde, Hemphill, Maschmeyer & Obert, Philadelphia, Pa., for plaintiff Mileasing Co.

Leonard P. Goldberger, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for debtor/defendant Theodore H. Allavena d/b/a Tow-A-Way Towing & Wrecking Service.

Jonathan H. Ganz, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The preliminary issues before the court are (1) whether we should grant the debtor's motion to dismiss the instant complaint for failure to state a cause of action upon which relief can be granted and (2) whether we should grant the debtor's motion for a default judgment on his counterclaim because of the lateness of the plaintiff's reply thereto. We conclude that we should deny both of those motions for the reasons which follow.

The facts of this case are as follows:[1] On June 4, 1981, Theodore H. Allavena ("the debtor") filed a petition for relief under

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

chapter 7 of the Bankruptcy Code ("the Code"). On August 31, 1981, Mileasing Company ("the plaintiff") filed a timely complaint objecting to the debtor's discharge in which it alleged, *inter alia*, that the debtor should be denied a discharge pursuant to § 727(a)(2) of the Code because the debtor had fraudulently transferred to a third party a truck which the debtor had leased from the plaintiff.[2] The debtor filed an answer and counterclaim in which he raised as a defense, among other things, that the complaint failed to state a cause of action upon which relief could be granted. At the hearing, oral argument was heard on that issue as well as on the motion of the debtor, for a default judgment on the debtor's counterclaim.

The basis of the debtor's motion to dismiss the complaint for failure to state a cause of action is that § 727(a)(2) only bars a discharge where there is a fraudulent transfer by the debtor of *property of the debtor or property of the estate.* See note 2 *supra.* The debtor contends that the truck, which the plaintiff alleges that the debtor fraudulently transferred, was property of the plaintiff, not property of the debtor or the estate. Therefore, the debtor contends, his actions do not fall within the provisions of § 727(a)(2) so as to bar his discharge.

We disagree. While the debtor is correct in his assertion that § 727(a)(2) covers only fraudulent transfers of property of the debtor or the estate, the Code broadly defines such property to include *all* interests, legal or equitable, which the debtor may have in any property.[3] In the case at bench, the debtor had some interest in the truck, i.e., he had possession of it as well as a leasehold interest by virtue of the lease the debtor had with the plaintiff. Hence, we conclude that, if the debtor did fraudulently transfer those interests in the truck (as is alleged in the complaint), then that action is ground for the denial of the debtor's discharge pursuant to § 727(a)(2). Consequently, we find that the plaintiff's complaint states a cause of action upon which relief can be granted and we will deny the debtor's motion to dismiss that complaint.[4]

Even if we were to find that the debtor was correct in his assertion that the plaintiff's complaint fails to state a cause of action under § 727(a)(2), we conclude that the complaint states a cause of action under § 523(a)(6) for a determination that the debt owed by the debtor to the plaintiff is nondischargeable. Section 523(a)(6) states that a discharge under chapter 7 does not discharge a debtor from a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). In its brief on this issue, the plaintiff asserts that if we determine that the truck in question was not property of the debtor or the estate, then the debtor's transfer of that property to a third party was a willful and malicious conversion of that property within the meaning of § 523(a)(6).[5] Because the plaintiff's complaint alleges sufficient facts to support a cause of action under § 523(a)(6) and because in its complaint the plaintiff requests alternative relief under either

---

2. Section 727(a)(2) provides:
   (a) The court shall grant the debtor a discharge, unless—

   .    .    .    .    .

   (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
   (A) property of the debtor, within one year before the date of the filing of the petition; or
   (B) property of the estate, after the date of the filing of the petition.

3. *See* 11 U.S.C. § 541(a).

4. An order granting the debtor's discharge was erroneously entered on September 16, 1981, in this case. In light of our decision not to dismiss the plaintiff's complaint objecting to that discharge, we will vacate the order of discharge entered on September 16, 1981, and hold the issue of the debtor's entitlement to a discharge pending our decision on the plaintiff's complaint.

5. *See generally* 3 Collier on Bankruptcy ¶ 523.-16[3] (15th ed. 1981).

§ 727(a)(2) or § 523(a)(6), we conclude that, even if the plaintiff had failed to state a cause of action under § 727(a)(2), the plaintiff stated a cause of action under § 523(a)(6) therein. We will, therefore, deny the debtor's motion to dismiss the complaint for failure to state a cause of action.

With respect to the debtor's motion for a default judgment, we conclude that that motion should also be denied. The basis of the debtor's motion is that the plaintiff's reply to the debtor's counterclaim was not timely filed. The debtor filed a counterclaim as part of his answer on October 14, 1981, and the plaintiff filed a reply to that counterclaim on November 23, 1981. While it is true that the plaintiff's reply was not timely filed,[6] we conclude that judgment by default should not be entered where that reply was filed before the motion for a default judgment was made at the trial held herein. As we stated in *In re Cantwell*,[7] courts are generally reluctant to enter judgments by default unless there has been a clear pattern of delay by the defaulting party or unless the moving party has been prejudiced by the delay in filing a responsive pleading.[8] In the instant case, there is no evidence that the plaintiff has engaged in any dilatory tactics or that the debtor has been prejudiced by the delay. In fact, since the trial of this complaint has been continued pending our decision on these preliminary matters, the debtor has had ample time to consider the issues raised by the plaintiff's reply to his counterclaim. We will, therefore, deny the debtor's motion for a judgment by default on his counterclaim and schedule the trial of the instant complaint.

---

**6.** Rule 712(a) of the Rules of Bankruptcy Procedure requires the plaintiff to serve his reply to a counterclaim in the answer within 10 days of service of that answer.

**7.** In re Cantwell, 17 B.R. 639 (E.D.Pa.1982).

**8.** *See, e.g., McKenzie v. Wakulla County*, 89 F.R.D. 444 (N.D.Fla.1981); *First American Bank, N. A. v. United Equity Corp.*, 89 F.R.D. 81 (D.D.C.1981); *McKnight v. Webster*, 499 F.Supp. 420 (E.D.Pa.1980); *Broglie v. Mackay-Smith*, 75 F.R.D. 739 (W.D.Va.1977).