In re Marvin LITTENSTEIN and Margaret Littenstein, dba Soda Springs Station, Debtors.

Marvin LITTENSTEIN and Margaret Littenstein, dba Soda Springs Station, Appellants,

v.

Stephen N. DORCICH, individually and dba Stephen N. Dorcich Realty, and as Stephen N. Dorcich, 1968 Trust, Yadron Corporation, a California Corporation, Ronald S. Czarnecki, Mary Czarnecki, Andrew Pavicich, Helen Pavicich, Joseph Tercerni, Lucille Tercerni, John Ehrens, Appellees.

BAP Nos. EC 83–1041 EVAs, EC 83–1043 EVAs.
Bankruptcy No. 281–04535–D–11.
Adv. No. 282–0609.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued July 13, 1983.
Decided Oct. 25, 1983.

Laurence M. Berlin, Tucson, Ariz., for appellants.

John M. LaPlante, Bullen, McKone, McKinley, Gay & Keitges, Sacramento, Cal., for appellees.

Before ELLIOTT, VOLINN and ASHLAND, Bankruptcy Judges.

OPINION

ELLIOTT, Bankruptcy Judge:

The debtors appeal from the trial court's denial of their application for entry of the Appellee's default. Appellants were granted leave to appeal. We conclude that the court below did not abuse its discretion and affirm its decision.

The debtors filed a complaint against Appellees alleging 21 separate claims for relief. Each claim for relief is based upon a state-created private right. *See Northern*

*Pipeline Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598, 615 (1982). Appellees' last day to answer was June 11, 1982. On June 16, 1982, Appellees moved the court to abstain under 28 U.S.C. § 1471(d). The motion to abstain was submitted.

Appellants' motion to enter Appellees' default was made on August 30, 1982 and denied on September 2, 1982.

■ As a general rule, the power to grant or withhold a judgment upon failure to plead or upon other default is within the broad discretion of the federal trial courts. A refusal to enter a default judgment will be upheld unless there is an abuse of discretion. *Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir.1980); 6 *Moore's Federal Practice,* ¶¶ 55.04, 55.05[2] (1983).

■ However, Appellants argue that this general rule applies only where Fed.R. Civ.P. 55 controls. They note that Bankruptcy Rule 755, although based upon Fed. R.Civ.P. 55, is significantly at variance with it, and therefore, they argue that the general rule has no application. *See* 13 *Collier on Bankruptcy* ¶ 755.02 at 7–456 (14th Ed. 1977). Hence, they place particular emphasis upon the literal language of the rule:

> When a judgment is sought against a party in adversary proceedings and such party has, without sufficient excuse ... failed to plead or otherwise defend ... the court upon request therefore *shall* enter a judgment by default ...

Bankruptcy Rule 755 (emphasis added). Bankruptcy Rule 755 is indeed different from Fed.R.Civ.P. 55 in many respects including the inclusion in the Bankruptcy Rule of the "without sufficient excuse" and "shall enter a judgment" phrases. But, there is nothing in the history of, or policies underlying Rule 755 which would indicate the bankruptcy courts are stripped of the power to deny a default judgment after having weighed equitable considerations. The inclusion of the "without sufficient excuse" clause is an express recognition of these principles of discretion.

Judicial interpretation have consistently emphasized the court's discretion in this regard. *Whittlesey v. Weyhauser Co.,* 640

F.2d 739, 741 (5th Cir.1981) ("district court, through the bankruptcy judge, has wide discretion in entering a default judgment"); *Matter of Chandler,* 424 F.Supp. 142 (D.E. D.Mo.1975); *In re Allavena,* 18 B.R. 527 (Bkrtcy.E.D.Pa.1982); *In re Cantwell,* 17 B.R. 639 (Bkrtcy.E.D.Pa.1982); *Matter of Dobash,* 10 B.R. 809, 811 (Bkrtcy.W.D.Wisc. 1981); *In re Garrett,* 3 B.R. 557 (Bkrtcy.N. D.Geo.1980).

■ It was well within the discretion of the bankruptcy court to determine upon equitable grounds that a default judgment was not appropriate in this case. Even assuming the abstention request was not a proper response under Rule 712(b), the fact that the Appellees appeared before the court, submitted their abstention motion, communicated with counsel for the Appellants, and otherwise consistently sought to oppose Appellants' allegations all weigh against permitting the Appellant to take advantage of a technical default.

A contrary ruling, foreclosing a trial on the merits is not favored. *In re Magouirk,* 693 F.2d 948, 951 (9th Cir.1982).

The order is AFFIRMED.