In re Robert A. MOSCUFO, Jamie Moscufo, Debtors.

CENTURY EQUIPMENT LEASING CORP., Plaintiff,

v.

Robert A. MOSCUFO,[1] Defendant.

Bankruptcy No. 83–00717G.
Adv. No. 83–1049G.

United States Bankruptcy Court,
E.D. Pennsylvania.

July 26, 1984.

Barbara L. Farley, Philadelphia, Pa., for plaintiff, Century Equipment Leasing Corp.

J.V. Monaghan, III, Philadelphia, Pa., for debtor/defendant, Robert A. Moscufo.

Jonathan H. Ganz, Philadelphia, Pa., Trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the matter at hand is whether we should *grant a creditor's request for an exception to discharge for damages caused by the debtor's sale of property which was encumbered by the creditor's security interest.* For the reasons expressed below we will enter an order excepting the debt from discharge.

The facts of this case are as follows:[2] Century Equipment Leasing Corporation ("Century") leased a Weaver Lift to R.A.M. Automotive Service, of which the debtor is the sole proprietor. During the term of the

---

1. The plaintiff improperly denominated the defendant as "Robert A. Moscuf*f*o."

2. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

lease, although a balance of $2,801.70 was still due, the debtor sold the lift without informing Century, in apparent violation of the lease agreement and a security agreement. The debtor's sale of the collateral was wilful and he offered no credible justification for his act. When Century confronted him on the issue of the disposition of the collateral, the debtor refused to name the vendee to whom it had been sold. The debtor then filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") on February 7, 1983.

Under 11 U.S.C. § 523(a)(6) of the Code an individual who is a debtor under chapter 7 is not discharged from any debt "for wilful and malicious injury by the debtor to another entity or to the property of another entity." The bankruptcy courts have construed § 523(a)(6) to mean that a "wrongful act done intentionally without just cause or a lawful basis is sufficient" to except a debt from discharge under this provision. *Citibank v. Friedenberg (In Re Friedenberg)*, 12 B.R. 901, 905 (Bankr.S.D. N.Y.1981).[3] More particularly, if a debtor sells encumbered property in derogation of a security agreement and deprives the owner of the proceeds of the sale without just cause, the debt is nondischargeable. *Mileasing Co. v. Allavena (In Re Allavena)*, 18 B.R. 527 (Bankr.E.D.Pa.1982); *Credithrift of America v. Auvenshine (In Re Auvenshine)*, 9 B.R. 772 (Bankr.W.D.Mich. 1981). The rule analogously applies if the debtor is the bailee of the goods rather than the owner. *Pioneer Bank and Trust Co. v. Scotella (In Re Scotella)*, 18 B.R. 975 (Bankr.N.D.Ill.1982). This authority squarely applies to the case at bench and since the debtor has not argued that the extent of the exception should be other

than the outstanding debt of $2,801.70, we will enter an order excepting the debt of that amount.

---

**3.** In discussing the precursor of § 523(a)(6), which is § 17a(2) of the Bankruptcy Act of 1898, the Supreme Court stated as follows:

[A] willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstance. There may be a conversion which "is innocent or technical, an unauthorized assumption of dominion without willfulness or malice. There may be an honest but mistaken belief, engendered by a course of dealing, that powers

have been enlarged or incapacities removed. In these and like cases, what is done is a tort, but not a willful and malicious one. (Cites omitted).

*Davis v. Aetna Acceptance Corp.*, 293 U.S. 328, 332, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934). For a thorough discussion of the point raised in *Davis* as well as numerous other issues arising under § 523(a)(6) see *United Bank of Southgate v. Nelson*, 35 B.R. 766, 767 (N.D.Ill.1983), *on remand* 35 B.R. 765 (Bankr.N.D.Ill.1983).