In re THERMO ENGINEERING CORPORATION, Debtor.

UNIQUE METAL WORKS, INC., Plaintiff,

v.

THERMO ENGINEERING CORPORATION and Rumford Plumbing & Heating Corp., Defendants.

Bankruptcy No. 8300633.
Adv. No. 840018.

United States Bankruptcy Court,
D. Rhode Island.

Dec. 26, 1984.

Richard P. Kelaghan, Providence, R.I., for Unique Metal Works, Inc.

Joseph J. Rodio, Warwick, R.I., for Rumford Plumbing & Heating Corp.

Jason D. Monzack, Providence, R.I., Trustee, Thermo Engineering Corp.

DECISION AND ORDER DENYING MOTION TO FILE ANSWER OUT OF TIME

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The defendant Rumford Plumbing & Heating Corp. has filed a motion for leave to file out of time an answer to the trustee's cross-claim. For the following reasons the motion is denied.

Defendant seeks relief pursuant to the provisions of Bankruptcy Rule 9006(b)(1):

[T]he court for cause shown may ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

The last day for filing an answer to the complaint in question was March 12, 1984. The defendant did not file the instant motion until six months after the expiration of that deadline, on September 24, 1984. Counsel represented at the hearing that a filing mix-up by other office personnel left him unadvised of the trustee's cross-claim until long after the time for filing an answer had expired.

This explanation does not even approach the standard for establishing "excusable" neglect under Rule 9006(b). "Excusable neglect," has been defined as "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re Torres*, 22 B.R. 418 (Bankr.D.N.M.1982) (failure to keep track of filing deadlines due to breakdown in office procedures was not excusable neglect to justify granting motion to file seven days after the fixed deadline). *See also Cohen v. Lopez (In re Lopez)*, 39 B.R. 433 (Bankr.D.R.I.1984). Neglect is generally not excusable where ordinary diligence by the party seeking time enlargement could have prevented the delay. *See Federal Deposit Insurance Corp. v. Klayer (In re Klayer)*, 13 B.R. 542 (Bankr.W.D.Ky.1981).

Procedural deadlines are a fact of life in the legal profession, and if confusion at the office place were generally considered as justification for failing to act in a timely manner, our procedural rules would shortly be rendered meaningless. *See Middlesex Insurance Co. v. Koritz (In re Koritz)*, 2 B.R. 408, 414 (Bankr.D.Mass.1979).

Additionally, we cannot ignore the fact that defendant's counsel was contacted by the courtroom deputy by telephone on March 2, 1984, prior to the expiration of the filing period, because he failed to appear at a scheduled pre-trial conference in connection with the captioned adversary proceeding. Counsel informed us at that time that he had "no objection," and did not intend to appear at the pre-trial conference. Therefore, and regardless of the alleged misfiling, had counsel attended the conference as required, he would certainly have become aware of the trustee's cross-claim within the time allowed for filing an answer. In view of this, it appears that counsel has been neglectful not once, but at least twice. The cumulative effect of counsel's habitual indifference to the business of this proceeding can hardly be the basis for the relief sought—rather it works to the disadvantage of the movant, on the facts before us.

Accordingly, we find that Rumford's failure to timely file an answer is not the result of excusable neglect, and the defendant's motion to file its answer out of time is denied.