**In re J.K. CHEMICALS, INC., Debtor.**

**Edward E.V. D'AGOSTINO, Trustee, Plaintiff,**

v.

**Jerome KAPLAN, Harry Fradin, and Gladys Kaplan, Defendants.**

**Bankruptcy No. 8000418.
Adv. No. 820314.**

United States Bankruptcy Court,
D. Rhode Island.

Jan. 8, 1986.

William M. Heffernan, Roberts, Carroll, Feldstein & Tucker, Providence, R.I., for trustee, plaintiff.

David A. Schechter, Providence, R.I., for defendant Jerome Kaplan.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On October 1, 1985, an order was entered denying defendant Jerome Kaplan's Motion to Extend Time within which to file an objection to plaintiff's Motion for Summary Judgment.[1] Our rationale for denying the

---

1. Conceding that the denial of his Motion to Extend Time was not a final decree, counsel has sought leave of the District Court to appeal the interlocutory order. *See* Bankruptcy Rules 8001 and 8003. On October 22, 1985 we denied defendant's Motion for Stay Pending Appeal.

Motion to Extend Time is set forth briefly below.[2]

On July 7, 1982, the trustee commenced the instant adversary proceeding to set aside alleged fraudulent and preferential transfers, and seeking money damages for alleged conversion, breach of fiduciary duty, corporate waste and mismanagement, and misappropriation of assets. Mr. Schechter entered his appearance on behalf of the defendants on August 25, 1982, and since then has engaged in a game of delay and avoid, to a degree seldom seen by this Court. The following examples are illustrative of the actions and omissions of Mr. Schechter in the instant matter which we found to be improper, and cumulatively objectionable:

1. Notwithstanding an extension to September 20, 1982 to respond to plaintiff's complaint (which was filed on July 7, 1982), defendants answered out-of-time on September 24, 1982.

2. A pretrial conference originally set for August 23, 1983 was rescheduled twice at defendants' request, and when the conference was eventually held on September 1, 1983, Mr. Schechter did not attend. Had he been present, counsel would have learned that the plaintiff-trustee was considering filing a Motion for Summary Judgment.

3. After plaintiff's Motion to Amend Complaint was filed on November 29, 1983, we granted defendants' Motion to Extend Time to January 31, 1984 within which to object. Almost two months after the deadline for filing an objection, Mr. Schechter advised the Court that the defendants "take no position as to the Motion to Amend Complaint." *See* Letter to the Court, March 16, 1984.

4. By stipulation, defendants were given until May 20, 1984 to respond to the amended complaint (the Motion to Amend having been granted on April 12, 1984, after hearing) but defendants' answer was not filed until August 10, 1984, approxi-

mately three months out-of-time, and only after Mr. Schechter received a letter from opposing counsel advising that plaintiff would be filing a Motion to Default defendants unless an answer was filed.

5. As a result of defendants' failure to respond to interrogatories propounded on August 16, 1984, a hearing on plaintiff's Motion to Compel (Fed.R.Civ.P. 37(a)(2)) was scheduled, which Mr. Schechter failed to attend. Defendants' answers were filed on March 8, 1985 (a seven month delay), only after we issued a conditional order of default.

This pattern of conduct (repeatedly missing deadlines and filing for extensions) has caused obvious inconvenience to opposing counsel and the Court, but more importantly, has unnecessarily drawn out the proceedings, resulting in substantial prejudice to creditors of the estate. Although occasionally voicing his frustration at Mr. Schechter's heel-dragging tactics, counsel for the trustee has generally been patient and cooperative (even stipulating to requests for extensions of time in several instances) and his actions have in no way contributed to delays caused solely by Mr. Schechter.

Plaintiff's Motion for Summary Judgment against Jerome Kaplan was filed on August 2, 1985. True to his established pattern, Mr. Schechter filed a Motion to Extend Time to September 16, 1985 within which to object, which we granted on August 20, 1985. On September 16, the deadline for filing objections to plaintiff's Motion for Summary Judgment, Schechter filed a second Motion to Extend Time.

On February 16, 1983 Jerome Kaplan entered a guilty plea in the United States District Court for the District of Rhode Island to charges of conspiracy to obtain money and property by false and fraudulent pretenses, and conspiracy to defeat the bankruptcy laws. Plaintiff's position in support of his Motion for Summary Judg-

---

**2.** Although not required on defendant's Motion to Extend Time, Findings of Fact and Conclusions of Law are being provided to facilitate

appellate review of our October 1 order. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52(a).

ment is that defendant Jerome Kaplan is collaterally estopped from disputing allegations of bankruptcy fraud in the instant proceeding by virtue of his guilty plea to an identical criminal charge. Memorandum in Support of Motion for Summary Judgment at 3. In his latest Motion to Extend Time Mr. Schechter states that he is attempting to gain access to a pre-sentence report which may contain information that would be useful in preparing an opposition to plaintiff's Motion for Summary Judgment.[3] We rejected that argument, which was unsupported and without any conceivable merit.

Mr. Schechter's efforts to obtain the desired report are tardy, as usual, and we view his latest Motion to Extend Time as just another stalling tactic. In fact, as early as the pretrial conference on September 1, 1983 counsel should have been on notice of the probability that a summary judgment motion would be filed, and at that point he should have directed his efforts toward obtaining information helpful to his client's cause. *See Unique Metal Works, Inc. v. Thermo Engineering Corp. (In re Thermo Engineering Corp.),* 45 B.R. 596 (Bankr.D.R.I.1984). We will not indefinitely postpone these proceedings on counsel's guess that there might be useful information in a pre-sentence report which is presently unavailable to him. We also consider it highly unlikely that the report could contain information relevant to the instant adversary proceeding or necessary for the preparation of an objection to the summary judgment motion, especially in view of counsel's failure to specify what information he is hoping to obtain.

It is likely that on appeal counsel will argue that we denied a motion which was *unopposed.* In anticipation that he will cite to Local Bankruptcy Rule 10(c) ("[i]f no response to a pleading is filed as required, the Court will deem that pleading unop-

posed and will grant the relief requested" (emphasis omitted)), we point to Local Bankruptcy Rule 2(b), which provides that "[i]f the Court determines that exceptional circumstances would make the application of any of these Rules to a particular proceeding unjust, it may suspend such Rules." To grant defendant's latest Motion to Extend Time under the circumstances here, because the motion is unopposed, would conflict with our concurrent duty to ensure the expeditious and economical administration of each case, and the just, speedy, and inexpensive determination of every proceeding therein. *See* Bankruptcy Rule 1001. We also note that the decision whether to grant an extension of time is a matter of discretion vested in the Bankruptcy Judge.

> [W]hen an act is required ... within a specified period ... the court for cause shown may at any time in its discretion ... order the period enlarged....

Bankruptcy Rule 9006(b)(1).

Deadlines are a fact of life in the legal profession and if we granted enlargements of time for reasons as groundless as the present one advanced by Mr. Schechter, all procedural time limits would be meaningless. *See Unique Metal Works, Inc. v. Thermo Engineering Corp. (In re Thermo Engineering Corp.), supra,* at 597 (Bankr. D.R.I.1984). Mr. Schechter has received at least six extensions of time (either by stipulation or court order) which, cumulatively, have caused unreasonable delay[4] and this proceeding, which has been pending for over three and one-half years, could have been brought to a close long ago had it not been for counsel's scheme of intentional delay.

We take judicial notice of and note past difficulty and dissatisfaction with counsel's conduct in other matters before this Court. *See Rovzar v. Chemical Sales and Service Co. (In re Saco Local Development*

---

**3.** Mr. Schechter filed a Miscellaneous Petition in the United States District Court for the District of Rhode Island to examine the pre-sentence report. The record in that case discloses that no action on his petition has been taken.

**4.** We have taken into account that some delay resulted from counsel's difficulty communicating with his client, who was imprisoned for a period of time, but Mr. Schechter has already played that situation for all it is worth.

*Corp.)*, 30 B.R. 862 (Bankr.D.Me.1983). In determining that it was appropriate to deny compensation to Mr. Schechter for his services as trustee, *In re Ducharme*, 39 B.R. 681 (Bankr.D.R.I.1984), we were required to use language which is equally applicable to describe counsel's performance throughout this proceeding:

> [Mr. Schechter's] extreme, unjustified, and dilatory conduct ... has impinged on the rights of creditors, and the administrative function of the Court ... [i]n light of what we may only describe as unprecedented delay, and ... demonstrated lack of candor....

*Id.* at 684.

Accordingly, for all the reasons discussed above, we denied the latest Motion to Extend Time within which to object to Plaintiff's Motion for Summary Judgment.