**In re Leonard SMITH and Beatrice Smith, Debtors.**

**DELAWARE VALLEY FACTORS, INC., Plaintiff,**

v.

**Leonard SMITH and Beatrice Smith, Defendants.**

Bankruptcy No. 84–00459G.
Adv. No. 84–0579G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 16, 1986.

Edward Cohen, Philadelphia, Pa., for plaintiff, Delaware Valley Factors, Inc.

Stewart J. Berger, Dresher, Pa., for debtors/defendants, Leonard Smith and Beatrice Smith.

Leo F. Doyle, Philadelphia, Pa., Trustee.

Edward J. DiDonato, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for trustee, Leo F. Doyle.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The heart of this controversy is whether an obligation should be declared nondischargeable on the creditor's proof that the debtors willfully and maliciously sold collateral securing a debt. On the basis of the facts and law outlined below we conclude that the debt is not dischargeable under 11 U.S.C. § 523(a)(6) of the Bankruptcy Code ("the Code").

We summarize the facts of this case as follows:[1] L.B. Marketing, Ltd., borrowed $5,650.00 from Delaware Valley Factors, Inc. ("DVF") in exchange for a promissory note. In order to obtain this loan, the debtors, as principals of L.B. Marketing, Ltd., contemporaneously signed a guarantee for the repayment of the debt. In the guarantee the debtors pledged as collateral certain shares of stock as well as their "right, title and interest in and to 229.07 shares of Oppenheimer A.I.M. Fund ("Oppenheimer") [and] 305.176 shares of W.L. Morgan Growth Fund ("Morgan")." The guarantee also provided that any debt arising under the guarantee would be augmented by reasonable and necessary attorneys' fees expended on collection of the debts. L.B. Marketing, Ltd., ultimately defaulted on the loan and DVF liquidated all the debtors' collateral except the shares of Oppenheimer and Morgan, all of which were still in the possession of the debtors. The debtors never inquired of the dispossession of the shares of the other collateral since they fully realized that the collateral was subject to sale on the default of the primary debt. DVF requested that the debtors surrender the shares of Oppenheimer and Morgan, but the debtors had previously sold those shares. We find that the debtors sold the shares willfully and maliciously while knowing that the stock was collateral for their guarantee to DVF. The current balance on the debt stands at $5,624.29, plus $863.64 in attorneys' fees for a total of $6,487.93.

Under 11 U.S.C. § 523(a)(6) the Code provides that:

§ 523. Exceptions to discharge

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\*　　\*　　\*　　\*　　\*　　\*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

\*　　\*　　\*　　\*　　\*　　\*

11 U.S.C. § 523(a)(6). For a determination of nondischargeability, DVF filed a complaint for an exception to discharge within the time limits prescribed in § 523(c). We have construed § 523(a)(6) to mean that a "wrongful act done intentionally without just cause or a lawful basis is sufficient to except a debt from discharge under this provision." *Century Equipment Leasing Corp. v. Moscufo* (In Re Moscufo), 40 B.R. 530, 531 (Bankr.E.D.Pa.1984); *see also, Citibank v. Friedenberg* (In Re Friedenberg), 12 B.R. 901, 905 (Bankr.S.D.N.Y.1981). More particularly, if a debtor sells encumbered property in derogation of a security agreement and deprives the owner of the proceeds of the sale without just cause, the debt is nondischargeable. *Moscufo*, 40 B.R. at 531; *Mileasing Co. v. Allavena* (In Re Allavena), 18 B.R. 527 (Bankr.E.D.Pa. 1982) (issue arising on motion to dismiss); *Mileasing Co. v. Allavena* (In Re Allavena), 31 B.R. 73, 74 (Bankr.E.D.Pa.1983) (issue arising on adjudication of the merits of the case).

In the case at bench the debtors sold collateral under a guarantee on a debt knowing that the property was subject to sale by DVF on default of L.B. Marketing, Ltd. We will accordingly enter an order excepting from discharge the principal indebtedness of $5,624.29 plus $863.64 in attorneys' fees for a total of $6,487.93.

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.