In re James A. CARLTON, Debtor.

James A. CARLTON, Plaintiff,

v.

Marvin A. POLLACK, Defendant.

Bankruptcy No. 185–50434–260.

Adv. No. 186–0184.

United States Bankruptcy Court, E.D. New York.

April 22, 1987.

Marcus & Katz, Mineola by Lawrence K. Katz, for defendant.

Weiner & Silverman, New York City by Bruce Weiner, for debtor.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

This is an adversary proceeding brought by the plaintiff, James A. Carlton, the debtor in a Chapter 11 case pending in this court.

The action seeks to recover monies allegedly received by the defendant, Marvin A. Pollack, from the debtor as being void as a preferential payment under § 547 of the Bankruptcy Code, fraudulent conveyances void under § 548 of the Bankruptcy Code and post-petition transfers void under § 549 of the Bankruptcy Code.

The court has for consideration a motion made by the plaintiff to strike the defendant's answer as being untimely served, enter a default judgment against the defendant pursuant to Bankruptcy Rule 7055 and award costs to the plaintiff arising out of the motion, or in the alternative to grant plaintiff summary judgment on all causes of action pursuant to Bankruptcy Rule 7056, together with costs.

In response to the motion, the defendant filed a cross-motion seeking to enlarge the time to answer the complaint pursuant to Bankruptcy Rule 9006(b) and to amend his answer.

### I. Background

On November 21, 1984 a petition for relief under Chapter 11 of the Bankruptcy Code was filed by Nana Daly's Pub, Inc. of which Carlton is the principal officer, stockholder and director. Prior to the filing, Pollack communicated with Carlton after ascertaining that the assets of Nana Daly's Pub were about to be sold by the State Tax Commission to satisfy unpaid sales taxes. Pollack arranged to have Carlton and his wife, Mary Carlton, who had no connection with the corporation other than being Carlton's wife, meet with an attorney recommended by Pollack for the purpose of filing a petition in bankruptcy on behalf of the corporation in order to stay the sale. Thereafter, the attorney prepared and filed the petition in bankruptcy which stayed the sale and the restored the premises to the debtor corporation. The Chapter 11 case was referred to the undersigned and is still pending before him.

On March 27, 1985 James Carlton also filed a petition for relief under Chapter 11 of the Bankruptcy Code. The filing of the petition was prompted by the imminent foreclosure of premises owned by Carlton of which Nana Daly's Pub was the tenant, and which foreclosure was stayed as a result of that petition. The same attorney who represented Nana Daly's Pub also prepared and filed Carlton's petition.

During the pendency of both cases, the attorney for the debtors was substituted by new counsel. After learning from Carlton that he had paid monies to Pollack prior to the filing of his petition for relief as well as subsequent thereto, the new attorney

moved this court for an order directing Pollack to repay the monies so received by him. The motion was made by both debtors. When it was learned that the monies related only to Carlton's individual case, this adversary proceeding was brought in place and instead of the motion. As appears at the outset of this opinion, the adversary proceeding seeks the return of monies received by Pollack from Carlton individually.

During the course of the hearing on the motion for return of the funds, the court learned that prior to the institution of the bankruptcy proceedings for Nana Daly's Pub, Pollack had represented himself to Carlton as an "Accountant at Tax" and as a "professional paralegal," not as an attorney. At the hearing Pollack argued that the payments he had received represented the fair and reasonable value of services rendered by him as a professional paralegal and accountant. Furthermore, Pollack disputed that the post-petition payments were made by the debtor. Instead, he claimed the money was paid by the debtor's wife.

At the hearing, Carlton contended that Pollack did not render compensible services to either Carlton or the corporate debtor, Nana Daly's Pub. Indeed, Carlton contended that Pollack's role in the bankruptcy cases was limited to introducing Carlton to the original attorney of record. The debtor further claimed that the post-petition fee payments represented his funds delivered by his wife to Pollack without the requisite court authorization and those payments may be avoided as fraudulent conveyances. Finally, Carlton contended that in the event Pollack is able to establish that he had rendered services to Carlton prior to the filing of his bankruptcy petition, the pre-petition payments Pollack allegedly received for such services represented preferential payments avoidable under § 547 of the Code and must be returned to the debtor in accordance with § 551 of the Code.

The adversary proceeding was commenced by the filing of a summons and complaint in this court on November 12, 1986. On November 17, 1986 a copy of the summons and complaint were served by mail upon the defendant individually and in care of his attorneys, Marcus & Katz. Service was made within ten (10) days as required by Bankruptcy Rule 7004(f). The summons was received by the defendant on November 20, 1986. The summons clearly stated on its face that it must be answered within thirty (30) days of the date of issuance. Thirty (30) days from the issuance of the summons was Friday, December 12, 1986.

On Monday, December 15, 1986, one business day later, Lawrence Katz, Esq. of the office of Marcus & Katz, attorneys for the defendant, telephoned Bruce Weiner, Esq. of Weiner & Silverman, attorneys for the plaintiff, to request an extension of time to file an answer to the complaint. Weiner responded that the defendant's time to answer had expired Friday, December 12, 1986 and that only the court could grant an extension of time. Nonetheless, Katz did not apply to this court for an extension but filed the answer on December 15, 1986.

## II. *Issue*

The preliminary inquiry to be made in resolving the issue whether to allow the late filing is whether Katz has satisfied the burden of proving circumstances constituting excusable neglect within the meaning and purview of Bankruptcy Rule 9006.

The second issue raised is whether it is within the broad discretion of the court to extend by one business day the defendant's time to answer, based on equitable principles.

## III. *Discussion*

Bankruptcy Rule 9006 permits a defendant in an adversary proceeding to move after the expiration of a specified period to enlarge the time called for by that period. The movant must demonstrate that the failure to act was the result of excusable neglect. Rule 9006(b)(1) provides in relevant part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereun-

der or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) *on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.* (emphasis added).

The standard of "excusable neglect" is a flexible one which is subject to interpretation by the trier of fact in each particular instance. Excusable neglect has been construed to mean "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Beneficial Finance Co. v. Manning,* 4 B.C.D. 304, 305 (D.Conn.1978). *See also Matter of Jose Arosemena,* 65 B.R. 246, 14 B.C.D. 1377, 1379 (Bkrtcy.M.D.Fla.1986); *Matter of Heyward,* 15 B.R. 629, 635 (Bkrtcy.E.D.N.Y.1981); *In re Breining,* 8 B.R. 17, 21 (Bkrtcy.S.D.N.Y.1980).

■ The burden of proving excusable neglect is on the party seeking relief from the time limit. *Matter of Heyward, supra* at 635. The party seeking an extension must show more than ordinary negligence. *In re Gurney,* 20 B.R. 91 (Bkrtcy.W.D.Mo. 1982); *In re Parrish,* 13 B.R. 539 (Bkrtcy. W.D.Ky.1981). Neglect is not excusable when "ordinary diligence" would have prevented the default. *In re Thermo Engineering Corp.,* 45 B.R. 596 (Bkrtcy.R.I. 1984). Misinterpretation of bankruptcy law or procedure is not excusable neglect. *Matter of Heyward, supra* at 636. Lack of knowledge of the law is not excusable neglect. *In re Young,* 1 B.R. 387 (Bkrtcy.M. D.Tenn.1979).

The defendant's answer filed on December 15, 1986 was accompanied by an affidavit sworn to by Katz dated December 15, 1986 wherein he stated, "as your deponent [Katz] computes defendant's time to answer, said time expires no earlier than December 17, 1986." On March 20, 1987, in response to the instant motion filed by Weiner, Katz filed with the Court an affidavit wherein he attempted to explain his failure to file an answer in a timely manner. "Your deponent believing that the 30 days within which he had to answer the complaint on defendant's behalf was extended by the statutory extension applicable to papers served by mail, computed that the time to answer the complaint expired December 17, 1986." In addition, Katz suggested that he was very busy representing the defendant in another unrelated matrimonial action pending in Supreme Court, Nassau County during the week preceding December 15, 1986. (Katz' Affidavit, dated March 20, 1987, pp. 2–3).

Deadlines are a fact of life in the legal profession. Had the defendant or Katz exercised ordinary diligence and read the summons they would have known the correct date for serving the answer. Both the face of the summons served upon Katz and the defendant and Bankruptcy Rule 7012 clearly state that an answer must be served within thirty (30) days of the issuance of the summons. Therefore, Katz was incorrect in his interpretation of the law where he computed that his time to answer expired on December 17, 1986.

From the time Katz and the defendant received the summons and complaint, they had approximately three (3) weeks within which to answer. During this period neither Katz nor the defendant answered or contacted Weiner for the purpose of requesting an extension of time. It was not until December 15, 1986, one business day after the time within which Katz and the defendant had to answer expired, that Katz contacted Weiner to make that request. On that same day, after Weiner apprised Katz that the time to answer had expired, Katz immediately wrote and served an answer. It was not until March 9, 1987, however, that Weiner moved, *inter alia,* for a default judgment.

■ After a review of the pending motion, cross motion, accompanying affidavits and relevant case law, this Court concludes that the circumstances present in this proceeding do not constitute excusable neglect. Katz' miscalculation of the applica-

ble time period does not constitute excusable neglect within the meaning of decided cases. *See, e.g., In re Metro Paper Co., Inc.*, 18 B.R. 831 (Bkrtcy.D.C.1982) (miscalculation of time period to note appeal did not constitute excusable neglect). To conclude otherwise would establish a dangerous precedent for future cases where parties file pleadings in an untimely manner.

■ Nevertheless, there are antithetical considerations this court must address in determining whether it should enlarge the defendant's time to answer. Although the plaintiff is entitled to rely on the deadlines fixed by the Bankruptcy Rules of Procedure, the defendant is also entitled to have a fair opportunity to be heard and seek to prove his defenses. By reason of the court's familiarity with the defendant's opposition to the debtor's prior motion to turnover the funds, the court is fully aware that the defendant has raised factual questions which are addressed to the core of the debtor's contentions. To permit the proceeding to go by default would deprive the defendant of the right to a fair trial. The bankruptcy court is a court of equity and is required to act with fairness and sympathy not only to debtors, but other parties as well. *In re Anderson*, 5 B.R. 43, 46 (Bkrtcy.N.D.Ohio 1980).

■ The entry of a default judgment is a harsh and drastic remedy. *In re Cantwell*, 17 B.R. 639, 641 (Bkrtcy.E.D.Pa.1982). The great weight of authority states that courts do not favor judgments by default and prefer to decide cases on the merits. *Id.* As a general rule, the entry of a default judgment is discretionary with the judge. *In re Chandler*, 424 F.Supp. 142 (E.D.Mo.1975). Absent a clear pattern of delay and contumacious conduct by the defaulting party, courts will generally not grant a default judgment. *In re Cantwell, supra* at 641; *In re Garrett*, 3 B.R. 557, 558 (Bkrtcy.N.D.Ga.1980).

Another factor courts consider before entering a default judgment is whether the moving party has been prejudiced by the delay in filing a responsive pleading. *In re Allavena*, 18 B.R. 527 (Bkrtcy.E.D.Pa. 1982). In *Allavena*, the court stated,

"while it is true that the plaintiff's reply was not timely filed, we conclude that judgment by default should not be entered where the reply was filed before the motion for default was made at the trial held herein." *Id.* at 530. In the instant case, the defendant filed his answer one business day late. On the other hand, plaintiff did not move for a judgment by default until nearly two months later. In the view of this court, it would be inconsistent with justice to permit substantial rights to be extinguished in the present case absent a clear showing of prejudice to the plaintiff.

After weighing the equitable considerations and for all the foregoing reasons, this court will enlarge the defendant's time to answer one business day to December 15, 1986, the date the answer was served herein. The plaintiff's motion to strike the defendant's answer as being untimely filed and the application for a default judgment are both denied. The plaintiff's motion for summary judgment is also denied inasmuch as genuine issues of fact have been raised. Pursuant to Rule 15 of the Federal Rules of Civil Procedure this court will permit the defendant to amend his answer so as to deny paragraph 10 of plaintiff's complaint.

The plaintiff has requested costs for legal fees incurred as a result of the need to move occasioned by the defendant's failure to properly serve and file his answer. This court has duly considered the extent of the services which plaintiff's attorney was required to render in that regard and fixes the sum of $750 as the reasonable value of the attorney's services.

The attorneys for the parties are directed to submit to this court a proposed pre-trial order which will provide for the scheduling and planning of discovery so as to expedite the disposition of these proceedings, and which shall set forth the date for trial to be set after consultation with the court.

SO ORDERED.