833 F.2d 1514
 17 Collier Bankr.Cas.2d 1321
 In re William Noah KNIGHT, Sr., a/k/a W.N. Knight, a/k/a
Bill Knight, a/k/a Noah Knight, Debtor.
Charles A. GOWER, as Trustee, Plaintiff-Appellee,
v.
William Noah KNIGHT, Sr., Defendant-Appellant.
 No. 86-8779.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 15, 1987.
 
 Charles C. Carter, Columbus, Ga., for defendant-appellant.
 Michael P. Cielinski, Columbus, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.
 ON PETITION FOR PANEL REHEARING
 PER CURIAM:
 
 
 1
 The panel has reconsidered its non-published opinion in this case. Judge Clark would withdraw the opinion and reverse the district court and the other members of the panel abide by the original opinion.
 
 
 2
 The following is Judge Clark's dissent. The original opinion was not published. The clerk will now publish that opinion 833 F.2d 1515, along with this denial of petition for panel rehearing and the accompanying dissent. The appellant, Knight, requested a rehearing and suggested in banc consideration by the full court. The mandate will be withheld until all active members of the court have had an opportunity to consider the request for in banc consideration.
 
 CLARK, Circuit Judge, dissenting:
 
 3
 I respectfully dissent. By affirming the district court, we hold that the bankruptcy court abused its discretion in setting aside a default judgment. We have always believed that default is a drastic remedy which should be reserved for cases involving a clear record of delay or contumacious conduct. See, e.g., E.F. Hutton v. Moffatt, 460 F.2d 284, 285 (5th Cir.1972). In this case, Knight filed his answer on the day default was entered and one day before the default judgment was entered. Several bankruptcy courts have declined to enter default under similar circumstances. See, e.g., In re Carlton, 72 B.R. 543 (Bankr.E.D.N.Y.1987) (answer filed before debtor moved for default); In re Allavena, 18 B.R. 527, 530 (Bankr.E.D.Pa.1982) (reply filed before motion for default judgment); In re Cantwell, 17 B.R. 639 (Bankr.E.D.Pa.1982) (debtor's late response did not prejudice creditors); In re Shockley Forest Industries, Inc., 7 B.R. 787, 790 (Bankr.N.D.Ga.1980) (no clear record of delay or contumacious conduct). See also In re Busick, 719 F.2d 922, 926 (7th Cir.1983) (reversing bankruptcy court's failure to set aside default judgment where default not willful, debtor acted promptly to correct defect, and debtor asserted a potentially meritorious defense).
 
 
 4
 Given our well justified reluctance to impose default judgments except in abusive cases, we should be hesitant to hold that a trial court has abused its discretion in setting aside a default judgment. Factors such as the reason for the delay and the prejudice to the other parties can best be assessed by the trial court. In this case, the bankruptcy court held a hearing and decided that Knight's conduct did not warrant the imposition of the severe default sanction. I see no reason to disturb that ruling, which was a considered exercise of the court's discretion to excuse the default. Consequently, I would reverse the district court and allow the bankruptcy court's order setting aside the default to stand.