### In re Clara KEY, Debtor.

### Bankruptcy No. 85–00001G.

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 13, 1986.

Lawrence T. Phelan, Philadelphia, Pa., for movant, Federal Nat. Mortg. Ass'n.

Christine C. Shubert, Camden, N.J., for debtor, Clara Key.

James J. O'Connell, Philadelphia, Pa., Trustee.

### OPINION

EMIL F. GOLDHABER, Chief Judge:

The question for decision in the case before us is whether we should grant a creditor's motion to dismiss a debtor's chapter 13 case on the basis of 11 U.S.C. § 109(f) of the Bankruptcy Code ("the Code"). Due to the lack of proof, we will deny the creditor's motion to dismiss.

As best we can determine from the limited record before us, we summarize the facts of this case as follows:[1] The debtor filed a petition for the repayment of her debts under chapter 13. A creditor, the Federal National Mortgage Association ("Federal"), filed the instant motion to dismiss the petition under 11 U.S.C. § 109(f). At the hearing no evidence was introduced, although counsel for Federal argued that the instant case was analogous to another case before the court a few days earlier on counsel's motion to dismiss the other case under § 109(f).

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

As added by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (July 10, 1984), 11 U.S.C. § 109(f) states as follows:

(f) Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(f). A party moving for dismissal under § 109(f)(1) or (f)(2) must, of course, introduce evidence to support averments made under these provisions. In the absence of such proof, relief must be denied.

In the case before us, Federal failed to introduce evidence in support of its averment that the debtor requested and obtained the voluntary dismissal of her case following the filing of a request for relief from the automatic stay under 11 U.S.C. § 362. Although that information may be contained in the files of the clerk of the court, that information is not of record in this case, and our reliance on it is inappropriate.

In *In Re Aughenbaugh*, 125 F.2d 887 (3d Cir.1942) the Court of Appeals held that

We may consider only the evidence which was presented to the referee at the hearing upon the trustee's exceptions to the mortgagee's priority claim. We may not consider other evidence which may have been in the files of the referee in the bankruptcy administration proceeding.

*In Re Aughenbaugh*, 125 F.2d 887, 889.

Similarly, the United States Supreme Court, in *Interstate Commerce Commission v. Louisville & Nashville Railway Co.*, 227 U.S. 88, 93, 33 S.Ct. 185, 187, 57 L.Ed. 431 (1913), stated that

... manifestly there is no hearing when the party does not know what evidence is offered or considered and is not given an opportunity to test, explain, or refute.

Due to a lack of proof, we must, accordingly, deny Federal's motion for dismissal.