**In the Matter of Jose AROSEMENA, Debtor(s).**

**Bankruptcy No. 85–972.**

United States Bankruptcy Court
M.D. Florida,
Tampa Division.

Sept. 24, 1986.

Richard A. Zeller, St. Petersburg, Fla., for debtor.

Randee K. Carson, St. Petersburg, Fla., for IMPC.

George Hadley, Trustee.

### ORDER ON MOTION FOR RELIEF FROM ORDER FIXING TIME FOR FILING CLAIMS

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 case is a Motion for Relief

From Order Fixing Time for Filing Claims, filed by Indianapolis Morris Plan Corporation (IMPC), a creditor in the above-captioned case. The facts relevant and germane to a resolution of this controversy are as follows:

Jose Arosemena (Debtor) commenced this Chapter 7 by filing a petition in bankruptcy on April 22, 1985. This Court entered an Order Fixing Time for Filing Claims on January 24, 1986, pursuant to Bankruptcy Rule 3002(c)(5); creditors, including IMPC, were notified that a dividend now appeared possible in the case. The Order specified that claims may be filed on or before April 24, 1986, and *not* thereafter in order to share in any possible distribution. IMPC filed a secured claim in the amount of $16,745.48 on May 29, 1986, at 12:31 p.m. IMPC also filed a Motion for Relief from Order Fixing Time for Filing Claims on May 29, 1986, and a hearing was held in this matter on June 23, 1986. The question presented is whether excusable neglect exists so that IMPC would be entitled to a possible distribution on its tardily filed claim *pari passu* with timely filed claims.

IMPC asserts that it should be permitted to have its tardily filed claim considered in a distribution because: (1) it does not have any record in its files of receiving the January 24, 1986, Order even though the bankruptcy clerk's mailing matrix indicates the Order was, in fact, mailed; (2) if it received the Order, then it would have been mailed during a time when IMPC was undergoing a personnel turnover, specifically in terms of the individual responsible for monitoring the Debtor's account; (3) if, in fact, it received the Order, then the Order became inadvertently misplaced or otherwise lost and consequently no notice was received that proof of claims were required to be filed on or before April 24, 1986; and (4) no prejudice or delay will result from the filing of its proof of claim.

Bankruptcy Code § 726(a)(2)(C) provides as follows:

(a) Except as provided in § 501 of this title, property of the estate shall be distributed—

Second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(c) tardily filed under § 501(a) of this title, if—

(1) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing' of a proof of such claim under § 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

This Court concludes that the scope of its analysis pursuant to § 726(a)(2)(C) is narrow and is limited to determining whether IMPC did not have notice or actual knowledge of the bankruptcy case in time for timely filing a proof of claim and whether a final distribution has been made.

The legislative history of § 726(a)(2)(C) of the Bankruptcy Code provides:

The provision is written to permit distribution to creditors that tardily file claims if their tardiness was due to lack of notice or knowledge of the case. Though it is in the interest of the estate to encourage timely filing, when tardy filing is not the result of a failure to act by the creditor, the normal subordination penalty should not apply.

*H.Rep. No. 595, 95th Cong., 1st Sess. 383 (1977); S.Rep.No. 989, 95th Cong., 2d Sess. 96–97 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5882–5883, 6339; See also 4 Collier on Bankruptcy ¶ 726.02[2] at 726–6 (15th ed.1985).*

The time limits for filing proofs of claim are not specified in the Code itself, but have been relegated to the Bankruptcy Rules. Bankruptcy Rule 3002(c)(5) provides:

(c) Time for Filing. In a chapter 7 liquidation or Chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called

pursuant to § 341(a) of the Code, except as follows:

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the Court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

Although Bankruptcy Rule 3002 contains no provisions specifically relating to § 726(a)(2)(C), the Advisory Committee Note to the Rule does contain a reference to that section:

Provision is made in Rule 2002(a) and (H) for notifying all creditors of the fixing of a time for filing claims against a surplus under paragraph (6). This paragraph does not deal with the distribution of the surplus. Reference must also be made to § 726(a)(2)(C) and (3) which permits distribution on late filed claims.

The determinative inquiry in resolving the issue whether to allow the late filing is whether IMPC has satisfied their burden of proving circumstances constituting excusable neglect. Bankruptcy Rule 9006(b) provides in pertinent part:

(b) *Enlargement*

(1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these Rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

It is apparent that adequate notice of the bar date was given and that the delay by IMPC was *not* due to excusable neglect. Moreover, the estate and its creditors would be prejudiced by excusing IMPC for its lack of diligence.

The standard of "excusable neglect" is a flexible one which is subject to interpreta-tion by the trier of fact in each instance. *See In re Manning,* 4 B.C.D. 304, 305 (Bankr.D.Conn.1978). Excusable neglect has been interpreted to be the "failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re Manning, supra,* at 305. The circumstances surrounding IMPC's untimely filing were more reflective of indolence than of excusable neglect. IMPC has cited internal administrative changes and conditions as justification for the delay in filing.

IMPC had actual knowledge of the bankruptcy case herein and the source of delay is attributable solely to a lack of notice. As indicated earlier, IMPC is listed on the mailing matrix, and therefore, it is presumed that IMPC received adequate notice of this Court's January 26, 1986, Order Fixing Time for Filing Claims when the clerk's office mailed the notice.

In making the determination that IMPC may not file a late proof of claim, this Court has taken into account the prejudice the estate will suffer if the late proof of claim is allowed. In addition, permitting a late filing would establish a dangerous precedent for other creditors who similarly have sat on their rights without any reasonable justification therefore.

In sum, it is clear that when a party fails to file in a timely manner due to a "chosen course of action and the circumstances were within the party's reasonable control," the courts will not offer relief from the choice taken. *In re Gem Rail Corp.,* 12 B.R. 929, 931–32 (Bankr.E.D.Pa.1981); *see also In re O.P.M. Leasing Services, Inc.,* 11 B.C.D. 821, 35 B.R. 854 (Bankr.S.D.N.Y.1983). An extension will not be granted if the delay was due to the lack of diligence of the applicant. *In re Breining,* 6 B.R. 837, 842 (Bankr.S.D.N.Y.1980). In light of the facts and circumstances of this case, the instant proof of claim must fail. IMPC has failed to meet the burden of demonstrating the extraordinary circumstances necessary to warrant the imposition of the doctrine of excusable neglect.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief From Order Fixing Time for Filing Claims be and the same is hereby denied and the late proof of claim will not be considered in the distribution of the estate.