**In the Matter of WOLOSCHAK FARMS, Debtor.**

**Bankruptcy No. B87–00079–Y.**

United States Bankruptcy Court, N.D. Ohio.

Feb. 26, 1987.

Douglas S. Roberts, Columbus, Ohio, for debtor, Woloschak Farms.

Frederick S. Coombs, III, Youngstown, Ohio, for Deutz-Allis Credit Corp.

Reginald W. Jackson, Columbus, Ohio, for Navistar Financial Corp.

Todd R. Marti, Columbus, Ohio, for John Deere Co.

Michael Demczyk, Canton, Ohio, Trustee.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This cause came on for consideration of the Motions of DEUTZ–ALLIS CREDITOR CORPORATION ("DEUTZ") and JOHN DEERE COMPANY ("JOHN DEERE") to Dismiss this pending Chapter 12 case. Movants argue that the Debtor may not maintain this Chapter 12 proceeding because there was pending at the time of its filing a case under Chapter 11 of Title 11, United States Code, in which the Debtor was in default of a previously confirmed Plan of Reorganization. DEUTZ also argues that the Chapter 12 Petition should be dismissed for the reason that Debtor is attempting through dismissal of the Chapter 11 proceeding and the maintaining of this Chapter 12 proceeding to, in effect, convert from Chapter 11 proceedings to a case under Chapter 12, a result suggested to be prohibited by both the enabling legislation of Chapter 12 and the provisions of Title 11, U.S.C. Sec. 1112(d), as amended. JOHN DEERE further argues that dismissal of this Chapter 12 proceeding is proper because the Debtor is in default with respect to the terms of its confirmed Chapter 11 Plan.

The facts are not in dispute. WOLOSCHAK FARMS is a family farm partnership, the general partners of which are CHARLES WOLOSCHAK and METRO WOLOSCHAK. The Debtor appears to meet the requirements of the definition of "family farmer," as set forth in Title 11, U.S.C. Sec. 101(17) and "family farmer with regular annual income," as defined in 11 U.S.C. Sec. 101(18). The Debtor had filed a Petition for Relief under Chapter 11 of Title 11 on June 8, 1984 in this Court. A Plan of Reorganization was confirmed in that case by an Order of the Court entered April 23, 1985. That Plan provided for the payments to secured and unsecured creditors over a period of sixty (60) months. In the summer of 1986, payments under that Plan became irregular, due, in part, to lowered milk price supports and to weather-related losses. On October 10, 1986, DEUTZ commenced an adversary proceeding to enforce the provisions of the Plan of Reorganization. On October 29, 1986, DEUTZ and the Debtor filed a Motion to Approve a Settlement and Compromise of the adversary proceeding, and on December 2, 1986, a Consent Order was approved by the Court resolving the issues in that adversary proceeding. That Consent entry included, *inter alia*, that DEUTZ would be authorized to take possession of its collateral upon the default of payments by Debtors under the Consent Order. On November 25, 1986, the Debtor sought and received authority from the Court for an extension of time to make up payments under the Plan, calling for all Plan payments to be made current by January 15, 1987. On January 20, 1987, a Notice of Default and Intent to Repossess, pursuant to the Consent Order, was filed in the adversary proceeding. On January 20,

1987, Debtor filed a Motion to Convert its Chapter 11 case to a case under Chapter 12 or, in the alternative, to dismiss the case because of a material default by the Debtor in its obligations under the confirmed Plan. The Petition in this Chapter 12 proceeding was filed on January 22, 1987. On February 19, 1987, a hearing was held on the Motions of Debtor, of JOHN DEERE and of DEUTZ–ALLIS in both Case Number B84–00577–Y (the Chapter 11 proceeding) and in this case. On that date in Case B84–00577–Y, the Court overruled the Debtor's Motion to Convert the Chapter 11 proceeding to a proceeding under Chapter 12 and sustained Debtor's Motion to dismiss the Chapter 11 proceeding, a ruling memorialized by an Order entered on February 24, 1987.

### DISCUSSION

As the Motion of Debtors to Dismiss their Chapter 11 proceeding has been sustained on its own merits, that branch of the Motions of JOHN DEERE and DEUTZ to dismiss the Chapter 12 case because of the pending Chapter 11 case is moot, as is that branch of JOHN DEERE's Motion suggesting that dismissal of this Chapter 12 proceeding is proper because of the Debtor's material default under the terms of its confirmed Chapter 11 Plan. JOHN DEERE has joined in the DEUTZ Motion to Dismiss this Chapter 12 proceeding, contending that the effect of the filing of the Chapter 12 Petition during the pendency of the Chapter 11 proceeding and then dismissing the Chapter 11 proceeding and continuing in the Chapter 12 proceeding constitutes a *de facto* conversion, prohibited by law.

Movants are correct in their assertion that 11 U.S.C. Sec. 1112(d), as amended,[1] prohibits conversion of Chapter 11 cases to those under Chapter 12 under the factual circumstances found in this cause. The legislative history of the 1986 Act reflects the Congressional intent that "(i)n cases where the parties have substantially relied on current law, ability to convert to the new Chapter should be limited" and that "it is expected that courts will exercise their sound discretion in each case, allowing conversions only where it is equitable to do so". House Conf. Rep. No. 99–958, at pgs. 48–49.[2]

A detailed review of the legislative history of the 1986 Amendments reveals nothing to guide us as to Congressional intent in respect of *de facto* conversions. Although Movants make a good case for their theory, the characterizing of the factual circumstances here found as a *de facto* conversion would require our preferring form over substance. The overlapping petitions may well have been procedurally incorrect. However, there is nothing to prohibit the Debtor from filing a new Chapter 12 proceeding if this Chapter 12 proceeding were dismissed. Dismissal of this proceeding at this stage would result only in Debtor having to pay an additional filing fee, further attorney's fees, and other attendant costs. Under these circumstances, such a result would be inequitable and would achieve no substantive result of benefit to any party, including Movants.

The Court finds under the circumstances of this case that there is no *de facto* conversion. The real issue here is whether a Chapter 12 case filed while a Chapter 11 case is pending and in default of a confirmed Plan may be entertained after the Chapter 11 proceeding is dismissed. Whether this Chapter 12 proceeding should be maintained under the factual circumstances found here depends largely upon resolution of the "good faith" issue. *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d 427, 432 (6th Cir.1982). The resolution of the "good faith" issue in the case of overlapping petitions should be at the confirmation stage and not on a Motion to Dismiss. *In re Johnson,* 708 F.2d 865 (2d Cir.1983). Only at the confirmation hear-

---

**1.** Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986, P.L. 99–554, 100 Stat. 3088.

**2.** No Senate Conference Report was submitted in connection with this legislation.

ing will the Court have an opportunity to fully review the entire equitable nature of this Chapter 12 case. The Motion to Dismiss is overruled.

An appropriate Order shall be entered.