**In re Clyde GAMBLE and Bonnie Gamble, Debtors.**

**Bankruptcy No. 87–00245F.**

United States Bankruptcy Court, D. Idaho.

March 25, 1987.

Spencer Daw, Idaho Falls, Idaho, for debtors.

Steven A. Hoskins, Idaho Falls, Idaho, for Valley Bank.

Jim D. Pappas, Green, Service, Gasser & Kerl, Pocatello, Idaho, for Federal Land Bank.

Randy Smith, Boise, Idaho, for Simplot Soilbuilders.

ALFRED C. HAGAN, Bankruptcy Judge.

The Federal Land Bank of Spokane (hereinafter referred to as Creditor) has filed a motion to dismiss this case. The other appearing Creditors have joined in the motion. As grounds for the motion Creditor alleges the following: first, Creditor alleges Debtor is ineligible as a Chapter 12 debtor since the filing is a violation of Section 302 of the Family Farmer Bankruptcy Act of 1986; second, Creditor alleg-

es a bad faith filing which violates 11 U.S.C. § 109(g); and third, Creditor alleges the Debtor requested and obtained a voluntary dismissal of a previous bankruptcy case after the filing of a request for relief from automatic stay which would result in a filing prohibition for 180 days after dismissal pursuant to 11 U.S.C. § 109(g)(2).

On October 28, 1986, Debtors filed a Chapter 13 bankruptcy petition. On November 4, 1986 Valley Bank, a secured creditor, filed a motion for relief from stay. On December 18, 1986, Creditor moved the Court to dismiss the Chapter 13 case on the grounds the Debtors were ineligible for relief because their debts exceeded the debt ceilings of Section 109(e).

### SECTION 109(g)(2)

Section 109(g)(2) indicates "no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if ... (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by Section 362 of this title."

On January 28, 1987 a hearing was held on a creditor's Motion to Dismiss. At that hearing counsel for the Debtor conceded the debt limitations of Chapter 13 were exceeded and that dismissal was appropriate. The order of dismissal was signed January 28, 1987. Creditor alleges the admission by the Debtor as to the debt limitations is in effect a voluntary dismissal and would therefore make Section 109(g)(2) applicable.

The operative issue is what constitutes a voluntary dismissal on the part of the Debtor. In the case of *In re Nelkovski*, 46 B.R. 542 (Bkrtcy.N.D.Ill.1985), Creditors argued a debtor's failure to oppose a motion to dismiss constituted a voluntary dismissal. The Court disagreed with that interpretation stating "[f]ailure to oppose dismissal, without more, is not enough to bar the debtor from refiling within the 180-day period of § 109(f)." [1] It appears the facts in this case would merit a similar holding.

1. 11 U.S.C. § 109(f) has been amended and is now 11 U.S.C. § 109(g).

Therefore, the Debtors' failure to object to the Motion to Dismiss, taken alone, is not sufficient to bring this case under the purview of 11 U.S.C. § 109(g)(2).

## BAD FAITH ALLEGATION

■ The second 109(g) allegation by the Creditors is that the Debtors filed a Chapter 13 petition with schedules which clearly indicated they were ineligible for relief under Chapter 13. Creditor further alleges the filing, coupled with the filing of a Motion to Convert to Chapter 12 shortly thereafter, leads to the "inescapable conclusion that Debtors never intended in good faith or otherwise to seriously pursue reorganization under Chapter 13." Creditor argues "[t]o allow debtors to refile under these circumstances is to penalize creditors for bringing debtors ineligibility to the attention of the Court. To allow the immediate refiling of the bankruptcy case in effect sanctions debtors conduct in filing petitions under Chapter 13 when they know there are not eligible for relief ... Under debtors approach they could repeatedly file Chapter 13 petitions as a means of frustrating collection efforts by creditors...."

In the instant case, the Debtors' intent was to convert to Chapter 12 from their Chapter 13 case after the effective date of the Chapter 12 enabling legislation. Debtors were unable to convert because of this Court's unpublished rulings in other cases denying conversion under Section 302 of the Family Farmer Bankruptcy Act of 1986. Considering these circumstances, and Debtors' desire to take advantage of Chapter 12, I cannot say Debtors have failed to act in good faith.

## VIOLATION OF SECTION 302

The Section 302 allegations merit separate consideration.

Creditor alleges "[t]o allow debtors to commence and maintain the present bankruptcy case under such facts and circumstances would be to violate the intent and spirit of Section 302 of the Family Farmer Bankruptcy Act of 1986, and the rulings of this Court to the effect that conversion from bankruptcy cases pending on the ef-fective date of said Act to Chapter 12 is contrary to the clear prohibitive language of said statute." Creditor cites *Central Trust Company v. Creditors Committee*, 454 U.S. 354, 102 S.Ct. 695, 70 L.Ed.2d 542 (1982), in which the Supreme Court of the United States denied the right of a debtor to dismiss a petition pending under Chapter XI of the Bankruptcy Act for the sole purpose of refiling a petition under Chapter 11 of the newly enacted Bankruptcy Code. That finding by the United States Supreme Court was based upon the Courts interpretation of Section 403(a) of the 1978 code which provides that a case commenced under the Bankruptcy Act shall be conducted and determined under such act if [the new code] had not been enacted and shall continue to be governed by the Bankruptcy Act.

■ I do not believe Section 302 of the Family Farmer Bankruptcy Act of 1986 applies to a debtor who filed prior to the 1986 amendments, whose case was dismissed either voluntarily or involuntarily, and who then refiled after the 1986 amendments. Once the Debtors were dismissed from the Chapter 13 proceeding and refiled under Chapter 12, they were no longer debtors under the previous Act nor was the case one commenced under the previous Act. To hold any differently would render it virtually impossible for a pre–1986 debtor under any chapter to gain relief after the passage of the Family Farmer Bankruptcy Act of 1986.

The *Central Trust* case involved a choice of law issue concerning which Chapter 11 statute should apply to Chapter 11 cases filed prior to the effective date of the 1928 Code. It was clearly the intent of Congress to leave those cases under pre-code, or the Bankruptcy Act, statutes. Such was the express purpose of Section 403(a).

The purpose of Section 302 is different. Supposedly, the purpose of § 302 is to prohibit conversions from other chapters to Chapter 12. However, the *Central Trust Company* case should not be used as a precedent mandating dismissal of a newly filed Chapter 12 case after a prior Chapter 11, or other chapter, case has been dis-

missed. The rationale of the *Central Trust* case is that a debtor cannot do indirectly what the debtor is precluded from doing directly, i.e. taking advantage of the Bankruptcy Code's new Chapter 11 provisions. This bridge cannot be crossed under § 302 by saying it was the intent of Congress to deny debtors the use of new Chapter 12, perhaps forever, if another case was pending on the effective date of Chapter 12.

The Motion to Dismiss will be denied.