**In re Ivan A. RYDER and Geraldine H. Ryder, Debtors.**

**Bankruptcy No. 87BK–50136.**

United States Bankruptcy Court,
W.D. Louisiana.

July 13, 1987.

Harold Domingue, Lafayette, La., for debtors.

Blake Deshotel, for Farmer Gas.

Robert Naquin, Trustee.

## MEMORANDUM OPINION AND ORDER

W. DONALD BOE, JR., Bankruptcy Judge.

The matter before the Court is Farmer's Gas Company's Motion to Dismiss the Debtors' Chapter 12 petition. On November 25, 1986, Ivan A. and Geraldine H. Ryder filed a petition for relief under Chapter 11 of the Bankruptcy Code. On November 8, 1986, Farmers Gas Company, a creditor of the Ryders, filed a motion to dismiss the case based upon delay in filing Chapter 11 schedules. At hearing on November 24, 1986, dismissal was granted, with effectiveness delayed to December 1, 1986, to allow the Debtors to convert to Chapter 12, if they could lawfully do so.

On December 1, 1986, the Ryders filed a Motion to Convert the Chapter 11 case to a Chapter 12 case under the Family Farmer Bankruptcy Act. The Court later denied debtors' Motion to Convert, holding that a case pending under Chapter 11 on November 26, 1986, the effective date of the Family Farmer Bankruptcy Act, cannot be converted to Chapter 12 pursuant to Section 302(c)(1) of Public Law 99–554.

The Ryders then filed a Chapter 12 petition on January 23, 1987. Farmers Gas filed a Motion to Dismiss the Ryders' Chapter 12 petition, alleging dismissal was warranted under 11 U.S.C. § 109(g)(1). This motion was heard by the Court on March 9, 1987. The Court found, contrary to the creditor's argument, that the Ryders' Chapter 11 petition had not been dismissed for willful failure to abide by orders of the court, or to appear before the court in proper prosecution of their case, and therefore, debtors were not barred by 11 U.S.C. § 109(g)(1) from filing a subsequent petition.

Two issues remain for determination. The Court agreed at the hearing of March 9, 1987, to reconsider the issue whether debtors could convert their Chapter 11 to Chapter 12 and also stated it would determine propriety of a Chapter 12 following dismissal of the Chapter 11 proceeding.

*Conversion of Chapter 11 proceeding to Chapter 12*

On December 16, 1986, this Court in a written opinion denied debtors' Motion to Convert the pending Chapter 11 to Chapter 12 because the provisions establishing Chapter 12 for family farmers do not apply to cases commenced under Title 11 of the United States Code prior to the effective date of the Act, November 26, 1986.

Section 302(c)(1) of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986 (Public Law 99–554) states as follows:

"The amendments made by subtitle B of title II shall not apply with respect to cases commenced under title 11 of the U.S. Code before the effective date of this Act."

Debtors' Chapter 11 case was filed before the effective date of the provisions establishing Chapter 12. The Court affirms its prior ruling that a case pending on November 26, 1986 may not be converted to one under Chapter 12. *See, In re Spears,* 69 B.R. 511 (Bankr.S.D.Iowa 1987) (Amendment to Bankruptcy Code is clear on its face in prohibiting application of amendments to pending cases); *In re Nordeen A. Groth,* 69 B.R. 90 (Bankr.D.Minn.1987) (Final intent of Congress appears on face of legislation it passes; court cannot authorize conversion on any grounds.)

*Refiling in Chapter 12*

The remaining issue is whether dismissal of the Chapter 11 petition, pending on November 26, 1986, the effective date Section 302(c)(1) of Public Law 99–554, bars subsequent filing of a petition under Chapter 12.

Certain cases discuss this in *dicta. In re Mason,* 70 B.R. 753 (Bankr.W.D.N.Y.1987), allowing a debtor to convert his Chapter 11 case to Chapter 12, stated at pages 756:

Still, there is another, more practical reason for permitting the conversion of pre-Act cases to Chapter 12. If, as here, a farmer is unable to propose an acceptable plan of reorganization under Chapter 11, his bankruptcy case will languish. Eventually, his creditors will seek a dismissal of the case so that they may pursue their State remedies. To permit a case to stagnate hopelessly in Chapter 11 would constitute an abuse of process. *Accordingly, the Bankruptcy Court would be compelled to grant an involuntary dismissal. Upon the granting of an involuntary dismissal, however, the debtor would be free to refile in Chapter 12.* (emphasis added)

The *Mason* court continued at Footnote 2, page 756, 757:

If a case is involuntarily dismissed, other than for failure to appear or contempt of court, a debtor may refile. 11 U.S.C. § 109(f)(1). Likewise, a debtor may refile if his case is voluntarily dismissed provided that the dismissal did not follow a request by a creditor for relief from the Section 362 stay. 11 U.S.C. § 109(f)(2)

*In re Glazier,* 69 B.R. 666 (Bankr.W.D.Ok. 1987), denied debtors' motion to convert their Chapter 13 to Chapter 12, but stated at page 669:

"... 11 U.S.C. § 109(g) does not prevent the refiling of a case under Chapter 12 where it has been involuntarily dismissed."

*In re Big Dry Angus Ranch, Inc.,* 69 B.R. 695 (Bankr.D.Mont.1987) after finding that the debtor could convert a pending Chapter 11 bankruptcy proceeding to Chapter 12, stated at page 700:

Finally, as a practical matter, the entire conversion issue may be avoided by simply dismissing the Chapter 11 or 13 case, and refiling under Chapter 12.

There are substantial reasons for concluding that Congress had no intent, when enacting the Family Farmer Bankruptcy Act, to bar a debtor from refiling under Chapter 12 when a prior petition, pending November 26, 1986, was involuntarily dismissed. Further, the Chapter 12 proceeding which Farmer Gas seeks to dismiss was not commenced before the effective date of the Act and therefore, does not at least literally fall within the prohibition of Section 302(c)(1).

Section 1208 of the Bankruptcy Code sets forth bases for dismissal of a Chapter 12

petition; 11 U.S.C. Section 349 sets forth the effect of a prior dismissal upon a subsequent refiling, while 11 U.S.C. § 109 tells who may become a debtor. None of these provisions limits the right of a debtor to file a Chapter 12 petition after a prior petition has been involuntarily dismissed for conduct *not* "willful".

11 U.S.C. § 349 provides that dismissal of a bankruptcy case does not prejudice filing of a subsequent petition "except as provided in section 109(f)" [sic, 109(g) ].

> (a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; *nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(f) [sic, 109(g) ] of this title.* (emphasis added)

Section 109(g) states:

> "Notwithstanding any other provision of this section, no individual *or family farmer* may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title." (emphasis added)

Accordingly, dismissal of a case does not bar a subsequent refiling save for the statutory exceptions in Section 109(g).

█ In this case, the Court held on March 9, 1987 that the dismissal of the debtors' Chapter 11 petition was *not* due to *willful* failure to abide by court orders. Since debtors' prior petition under Chapter 11 was dismissed upon motion of Farmers Gas, Section 109(g)(2) is inapplicable. Debtors' Chapter 11 petition was not dismissed upon debtors' request.

A similar issue was presented in *Matter of Woloschak Farms,* 70 B.R. 498 (Bankr. N.D.Ohio 1987). In *Woloschak,* creditors moved for dismissal of a Chapter 12 case when a Chapter 11 case had been pending when the Chapter 12 petition was filed. The creditors argued the debtor was attempting through requested dismissal of the Chapter 11 and the simultaneous filing of the Chapter 12 to convert from Chapter 11 to Chapter 12, a prohibited result. *Woloschak* agreed that under Public Law 99–554, conversion from Chapter 11 to Chapter 12 was prohibited, but at page 500 held that the Chapter 12 petition that overlapped the Chapter 11 petition should not be dismissed:

> However, there is nothing to prohibit the Debtor from filing a new Chapter 12 proceeding if this Chapter 12 proceeding were dismissed. Dismissal of this proceeding at this stage would result only in Debtor having to pay an additional filing fee, further attorney's fees, and other attendant costs.

Recently, in *In re Gamble,* 72 B.R. 75 (Bankr.D.Id.1987), a creditor moved to dismiss a Chapter 12 petition. One ground for alleged dismissal was that the debtor had requested and obtained a voluntary dismissal of a previous bankruptcy case preventing the new case from being filed for 180 days pursuant to 11 U.S.C. § 109(g)(2). The *Gamble* court disagreed, citing *In re Nelkovski,* 46 B.R. 542, 544 (Bankr.N.D.Ill.1985), which had stated:

> "Failure to oppose a motion to dismiss cannot be reasonably presumed to equal requesting and obtaining a dismissal. Conversely, the clear language of the subsection seems to indicate that the *debtor* must move for dismissal in order to make this subsection operative. Upon a creditor's motion, the debtor must at least request dismissal. Failure to oppose dismissal, without more, is not enough to bar the debtor from refiling...." (emphasis in original)

The *Ryder* Chapter 11 proceeding was dismissed upon motion of Farmers Gas. Therefore, the prohibition against refiling

within 180 days of the prior dismissal set forth in 11 U.S.C. 109(g)(2) is inapplicable.

The judge in *Gamble* responding to the creditor's further argument that the debtor's refiling violated Section 302 of the Family Farmer Bankruptcy Act of 1986, stated:

I do not believe Section 302 of the Family Farmer Bankruptcy Act of 1986 applies to a debtor who filed prior to the 1986 amendments, whose case was dismissed either voluntarily or involuntarily, and who then refiled after the 1986 amendments. Once the Debtors were dismissed from the Chapter 13 proceeding and refiled under Chapter 12, they were no longer debtors under the previous Act nor was the case one commenced under the previous Act. To hold any differently would render it virtually impossible for a pre–1986 debtor under any chapter to gain relief after the passage of the Family Farmer Bankruptcy Act of 1986. *Gamble* at 77.

This Court is sympathetic to the policy sentiments expressed but does not believe they necessarily reflect the law with respect to *voluntary* dismissals aimed at taking advantage of Chapter 12 provisions.

Farmers Gas, in the present case, argues that *Central Trust Company v. Official Creditors Committee of Geiger Enterprises, Inc.,* 454 U.S. 354, 102 S.Ct. 695, 70 L.Ed.2d 542 (1982) is determinative of the present issue. The debtor in *Central Trust* moved to dismiss its Chapter XI petition and represented that if the dismissal were granted it would immediately file a petition under Chapter 11 of the New Bankruptcy Code. The issue was whether a desire to refile under another chapter was sufficient basis for a voluntary dismissal or whether voluntary dismissal circumvented the prohibition set forth in § 403(a) which provided:

"A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if [the New Code] had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the [New Code] had not been enacted." 92 Stat. 2683, note preceding 11 U.S.C. § 101 (1976 Ed., Supp. IV). *Central Trust, supra,* 454 U.S. at 355–356, 102 S.Ct. at 696.

The Supreme Court held it was incorrect to permit the debtor to move for dismissal solely to refile under the New Code and thus, avoid the prohibition of Section 403(a). Cases under the old Bankruptcy Act had to continue to be handled under that Act, a result that could not be avoided by voluntary dismissal. In the present case, the Ryders' Chapter 11 petition was involuntarily dismissed effective December 1, 1986. The Ryders then filed a petition in Chapter 12 on January 23, 1987. The Chapter 11 dismissal in *Ryder* resulted in a dismissal that revested title of all property in the debtors and removed that property from the protection of the bankruptcy laws. *Ryder* is distinguishable from *Central Trust* in that the Ryder Chapter 11 was not dismissed for the sole purpose of refiling under Chapter 12. Ryders' Chapter 11 was dismissed upon motion of the creditor, not the debtor.

*Central Trust* as applied to Chapter 12 cases means, at most, that a debtor cannot have his petition dismissed in order to take advantage of a change in law. This is not the situation involved in the Ryder Chapter 11 dismissal.

The Motion to Dismiss the Ryders' Chapter 12 proceeding filed on behalf of Farmers Gas Company is denied.