**In re Michael Gregory BRACEY, Debtor.**

**Bankruptcy No. 88–4–1487.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Aug. 3, 1988.

Melissa Johnson, Severna Park, Md., for debtor.

Thomas L. Lackey, Bowie, Md., trustee.

MEMORANDUM OF DECISION

(Motion for Reconsideration)

PAUL MANNES, Chief Judge.

The debtor, Michael G. Bracey, through counsel filed a motion for reconsideration of this court's order of July 18, 1988, dismissing the case. Following the order of dismissal, the clerk of the court reported the case as closed. The court will adhere to its previous order dismissing the case and deny the motion for reconsideration for the reasons set forth below.

This Chapter 13 case was filed on May 23, 1988. Debtor's papers revealed three secured creditors. Bankruptcy Rule 1007(a)(1) provides:

> **Rule 1007. List, Schedules and Statements; Time Limits.**
>
> **(a) List of Creditors and Equity Security Holders.**
>
> **(1) Voluntary Case.** In a voluntary case, the debtor shall file with the petition a list containing the name and address of each creditor unless the petition is accompanied by a schedule of liabilities or a Chapter 13 Statement.

Because the debtor had not filed his Chapter 13 statement, he was subject to the provisions of Bankruptcy Rule 1007(c):

> **(c) Time Limits.** The schedules and statements, other than the statement of intention, shall be filed with the petition in a voluntary case, or if the petition is accompanied by a list of all the debtor's creditors and their addresses, within 15 days thereafter, except as otherwise provided in subdivisions (d), (e), and (h) of this rule. ... Any extension of time for the filing of the schedules and statements may be granted only on motion for cause shown and on notice to any committee, trustee, examiner, or other party as the court may direct. Notice of any extension shall be given to any committee, trustee, or other party as the court may direct.

A parallel provision in Bankruptcy Rule 3015 governs the filing of the Chapter 13 plan. That rule provides:

> **Rule 3015. Filing of Plan in Chapter 13 Individual's Debt Adjustment Cases.**
>
> The debtor may file a chapter 13 plan with the petition. If a plan is not filed with the petition, it shall be filed within 15 days thereafter and such time shall not be further extended except for cause shown and on notice as the court may direct. Every proposed plan and any modification thereof shall be dated. The clerk shall include the plan or a summary of the plan with each notice of the hear-

ing on confirmation pursuant to Rule 2002(b). If required by the court, the debtor shall furnish a sufficient number of copies to enable the clerk to include a copy of the plan with the notice of the hearing.

Because the Chapter 13 statement and plan did not accompany the original petition, the court issued an order directing debtor to comply with the rule, and notice on May 24, 1988 (Docket Entry 3). The appropriate portion of that order provides:

> Debtor(s) shall file the required documents within fifteen (15) days of the filing of the petition. Failure to comply may result in passage by the Court of an order dismissing this case with prejudice under 11 U.S.C. § 109(g) and, in applicable cases, may result in a hearing being set pursuant to 11 U.S.C. § 329 for the examination of fees paid to counsel.

Debtor's Chapter 13 statement and plan were due on or before June 8, 1988. The debtor submitted nothing by that designated date. On July 18, 1988, 56 days after the filing of the Chapter 13 petition, the case was dismissed for failure to comply with the May 24, 1988, order. On July 21, 1988, debtor filed his Chapter 13 statement and plan. For the first time, debtor disclosed the existence of 13 unsecured creditors owed a total of $33,424.87. Debtor's original filing, therefore, did not comply with Rule 1007(a). The court has the impression that the filing of the Chapter 13 statement and plan was an afterthought. The petition was initially filed to stop a threatened foreclosure. Once the foreclosure threat was interrupted by the automatic stay of 11 U.S.C. § 362(a), debtor showed no interest in pursuing the task of completing the petition.

Debtor's motion for reconsideration erroneously contends that the Chapter 13 statement and plan were due on or before July 9, 1988. Even with the additional 30 days, debtor is well beyond the 15 days allowed pursuant to Bankruptcy Rule 1007(c). He was still late. The following excuse was given in the motion for reconsideration:

> 3. That the debtor's late filing was due to counsel's unusual schedule of court appearances, close due dates for submitting pleadings and turnover of personnel resulting in counsel's inability to timely prepare and file debtor's statement and plan.

With commendable candor, counsel takes the burden wholly upon themselves for the late filing. The debtor's position concerning counsel's busy schedule, standing alone, offers no excuse. As the court in *Pinero Schroeder v. Federal National Mortgage Association,* 574 F.2d 1117, 1118 (1st Cir.1978) (an opinion dismissing an untimely appeal), explained:

> The alleged excusable neglect was that appellants' counsel was busy for a two months' period negotiating a collective bargaining agreement. We do not consider the fact that any attorney is busy on other matters to fall within the definition of excusable neglect. Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences. *Cf. Airline Pilots v. Executive Airlines, Inc.,* 569 F.2d 1174 (1st Cir. 1978). Filing a notice of appeal does not require much time or deliberation.

Similarly, the Eighth Circuit in a bankruptcy case affirming the denial of a motion for enlargement of time to file an otherwise untimely ballot, pointed out:

> Neither the Bankruptcy Code nor the Rules define excusable neglect. Rather, it is a flexible standard that is subject to interpretation by the trier of fact in each instance. *In re Arosemena,* 65 B.R. 246, 248 (Bankr.M.D.Fla.1986). A number of courts have interpreted "excusable neglect" as meaning " 'the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.' " *In re Carlton,* 72 B.R. 543, 546 (Bankr.E.D.N.Y.1987) (quoting *In re Manning,* 4 B.C.D. 304, 305 (Bankr.D. Conn.1978)); *Arosemena,* 65 Bankr. at 248. The burden of proving excusable neglect is on the party seeking the enlargement of time. *Carlton,* 72 Bankr. at 546.

Courts have been more inclined to conclude that there is "excusable neglect" when the creditor was diligent and the late filing was due to inadequate notice or an event beyond the creditor's control. *In re Heyward,* 15 B.R. 629, 637 (Bankr. E.D.N.Y.1981). Conduct does not constitute excusable neglect, however, when the delay was within the creditor's control, *In re Mickel,* 35 B.R. 28, 30–31 (Bankr.D.S.C.1983), and could have been prevented by the exercise of diligence by the party failing to perform. *Arosemena,* 65 Bankr. at 248; *In re Elliano,* 9 B.R. 287, 289 (Bankr.E.D.N.Y.1981).

*Hanson v. First Bank of South Dakota, N.A.,* 828 F.2d 1310, 1314–15, 16 BCD 798, Bankr.L.Rep. (CCH) ¶ 71992 (8th Cir.1987). The rule, as stated by Senior Judge Sobeloff for the Fourth Circuit, is that an attorney's gross negligence cannot be deemed excusable neglect. *Universal Film Exchanges v. Lust,* 479 F.2d 573, 576–77, 17 FR Serv 2d 622 (4th Cir.1973). In *Consolidated Freightways Corp. of Delaware v. Larson,* 827 F.2d 916, 919 (3d Cir.1987), a case dealing with the excusable neglect allowing an untimely notice of appeal under Fed.R.App.Proc. 4(a)(5), the Third Circuit constructed a more lenient standard with a test involving weighing and balancing five factors. Even so, it found "a qualitative distinction between inadvertance which occurs despite counsel's affirmative efforts to comply and inadvertance which results from counsel's lack of

diligence." *See also, Matter of Century Brass Products, Inc.,* 72 BR 68, 69–70 (BC Conn.1987) (delay resulting from cumbersome internal procedures held not excusable).

In this case the specific time for filing the Chapter 13 statement and plan expired. No motion for an extension of time was filed either before or after the due date for filing these documents, June 8, 1988. The debtor has not carried his burden of proving excusable neglect. The failure to file the statement and plan, without which this case could not move forward, was not due to circumstances beyond the reasonable control of the parties responsible.[1] *See generally Collier on Bankruptcy* Paragraph 9006.06 (15th Ed.1988).

By this action, the court forecloses the debtor from his day in court under Chapter 13. A dismissal, such as the one at hand, prohibits debtor from refiling a bankruptcy case under *any* chapter for a period of 180 days. 11 U.S.C. § 109(g)(1). Unless the debtor can work out an accommodation with the foreclosing creditor, the foreclosure will proceed without any further interruption by the bankruptcy process. The court is mindful of the direction of the Fourth Circuit to try cases on the merits whenever possible. *Universal Film, supra* at 576. But debtor's delay was inexcusable.

The Comment on Rule 1.16, DECLINING OR TERMINATING REPRESENTATION,

---

1. In bankruptcy cases, the prompt filing of schedules and plans is critical, otherwise the cases remain at a standstill. The mere filing of an incomplete petition, such as that by debtor in this case, triggers the automatic stay of 11 U.S.C. § 362(a) against all creditor action. The debtor has the obligation to prosecute the case and demonstrate the justice and necessity of keeping the stay in place. *Cf.* 11 U.S.C. § 362(g). Movement of the bankruptcy docket is a critical item on the bankruptcy court agenda. This is especially true in Chapter 13 cases such as the one at hand. Only after the first meeting of creditors held pursuant to 11 U.S.C. § 341 and the confirmation of a plan after a hearing held pursuant to 11 U.S.C. § 1324 is the Chapter 13 trustee in a position to distribute money to creditors. The debtor has the absolute power under 11 U.S.C. § 1307(b) to dismiss a Chapter 13 case not filed under a previous chapter and converted to a case under Chapter 13. The ability to file and dismiss Chapter 13 cases, at will, presents an opportunity to manipulate the bankruptcy system. If debtors are not following the requirements of the Bankruptcy Rules, the court loses all control over the case. The 1986 Amendments settled any dispute that the Bankruptcy Court has the power to maintain the integrity of the docket:

> § 105. **Power of court.**
> (a) the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent any abuse of process.

of the Maryland Rules of Professional Conduct begins:

A lawyer should not accept representation in a matter unless it can be performed competently, promptly, without improper conflict of interest and to completion.

Rule 1.3, DILIGENCE, of the Maryland Rules of Professional Conduct states:

A lawyer shall act with reasonable diligence and promptness in representing a client.

These rules govern attorneys in bankruptcy cases, because Rule 2A, IVB of the Rules of the United States District Court for the District of Maryland (Model Federal Rules of Disciplinary Enforcement) adopts the Maryland Rules of Professional Conduct provided in Md.Rule 1230.

Therefore, debtor's motion for reconsideration will be denied.