**In re Gerald L. OLSON and Merlene L. Olson, Debtors.**

**The TRAVELERS INSURANCE COMPANY, Petitioner–Creditor**

v.

**Gerald L. OLSON and Merlene L. Olson, Respondents–Debtors.**

**Bankruptcy No. 89–80979.**

United States Bankruptcy Court, C.D. Illinois.

July 26, 1989.

Barry M. Barash, Galesburg, Ill., for debtors.

Reynolds M. Everett, Jr., Galva, Ill., Chapter 12 trustee.

Andrew W. Covey, Peoria, Ill., for Travelers Ins. Co.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The Debtors filed a Chapter 11 proceeding in October of 1985 and filed their first amended plan of reorganization in July of 1986. Subsequently, they filed a motion to convert the Chapter 11 proceedings to a Chapter 12 proceedings, which motion was denied in January of 1987. Because the first amended plan failed to comply with the absolute priority rule found in Section 1129 of the Bankruptcy Code, 11 U.S.C. Section 1129, in July of 1987 the Debtors filed an amendment to the first amended plan wherein they proposed to bring their plan within the scope of the fresh capital contribution exception to the absolute priority rule through a $5,000.00 capital injection. In December of 1987 this Court denied confirmation for the reason that the $5,000.00 contribution was not substantial and not equal to the value of the Debtors' retained interest in the farm. 80 B.R. 935. That order was affirmed by the District Court in February of 1989. The Debtors made no further effort to file an amended plan of reorganization.

On April 11, 1989, Travelers Insurance Company (TRAVELERS), a secured creditor, filed a motion to dismiss the Chapter 11 proceedings on the grounds that the Debtors failed to file a plan of reorganization. On May 1, 1989, this Court on its own motion, dismissed the Chapter 11 proceedings for failure of the Debtors to file a plan of reorganization. The next day, May 2, 1989, the Debtors filed a Chapter 12 proceeding. TRAVELERS then filed a Motion to Dismiss the Chapter 12 proceeding on the grounds (1) that the filing of the Chapter 12 proceeding following the dismissal of the Chapter 11 proceeding constitutes an improper conversion, and (2) that

with the dismissal of the Chapter 11 proceeding, Section 109(g) of the Bankruptcy Code, 11 U.S.C. 109(g), bars the Debtors from filing another petition for 180 days from May 1, 1989.

The Debtors did not file a written response to TRAVELERS' Motion to Dismiss but at the oral argument on the motion the Debtors did not contest the factual basis of TRAVELERS' motion and argued that their action was strategically conceived, in that they recognized they could not convert and if they voluntarily dismissed they would be prohibited from refiling a Chapter 12 proceeding, but that if they did nothing and permitted the case to be dismissed either on TRAVELERS motion or the Court's motion, that they would be in a position to refile a Chapter 12 proceeding. They contend that their actions should be judged on the basis of whether the actions were taken in good faith.

The issue is whether a debtor, who cannot get a Chapter 11 plan confirmed due to noncompliance with the absolute priority rule and is ineligible to convert to a Chapter 12 proceeding or to dismiss the Chapter 11 proceeding and refile a Chapter 12 proceeding, can allow the Chapter 11 proceeding to be dismissed, then file a Chapter 12 proceeding which does not require compliance with the absolute priority rule.

At the time the Debtors filed their Chapter 11 proceeding, Chapter 12 had not been enacted. Subsequently, when Congress passed the Bankruptcy Judges, United States Trustee, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, 100 Stat. 3088, which enacted Chapter 12, Section 302(c)(1) was inserted. It provides:

The amendments made by subtitle B of title II shall not apply with respect to cases commenced under title 11 of the United States Code before the effective date of this Act.

The effect of this provision is to prevent Chapter 11 proceedings pending on the effective day of that legislation from being converted to Chapter 12 proceedings which was first authorized by that legislation. *Matter of Sinclair*, 870 F.2d 1340 (7th Cir.

1989). Although there is some authority that a Chapter 11 proceeding which may not be converted due to the prohibition of Section 302(c)(1) may be involuntarily dismissed and refiled under Chapter 12, *see In re Glazier,* 69 B.R. 666 (Bkrtcy.W.D.Okla. 1987), the law in this circuit is that a dismissal of a Chapter 11, subject to the provisions of Section 302(c)(1), in order to file a Chapter 12 proceeding constitutes an improper conversion. *In the Matter of Sinclair, supra,* the Seventh Circuit Court of Appeals stated:

The debtors made an alternative request. They asked the bankruptcy judge to allow them to dismiss their Chapter 11 case and start a new one under Chapter 12. This would avoid the ban in Section 302(c)(1). Ordinarily, however, a dismissal several years into a lawsuit is with prejudice to refiling. The Sinclairs do not want to dismiss the case with prejudice, pay all of their accrued debts, and then file a fresh bankruptcy action that could go forward from the date of refiling. They want, instead, to file a Chapter 12 case that would be administered as if it had been commenced in 1985. This is conversion by another name. Statutes control more than nomenclature; they are addressed to conduct. Proposals for conversion by another name are proposals for conversion. This one was properly rejected on the authority of Section 302(c)(1).

In the *Sinclair* case, the debtors' Chapter 11 proceeding was pending on the date the Act became effective, and subsequently the debtors asked to dismiss their Chapter 11 proceeding to start a Chapter 12 proceeding. The only difference between the facts in that case and the case before this Court is that the Debtors did not ask to have their Chapter 11 proceeding dismissed, but attempted no further reorganization and allowed the Court on its own motion to dismiss the Chapter 11 proceeding. Under these circumstances, this Court sees no difference between a voluntary dismissal and an involuntary dismissal. It is an attempted conversion, which the Seventh Circuit Court of Appeals in *Sinclair* has said is improper.

Although there is no need to rule on the second basis of TRAVELERS motion, this Court will do so in order that the record will be complete. Section 109(g) of the Bankruptcy Code provides as follows:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

Although there is some authority which support TRAVELERS' position, this Court does not believe that it is applicable to the present case. In *In re Bracey,* 89 B.R. 6 (Bkrtcy.D.Md.1988), the court specifically ordered the debtor to file a Chapter 13 plan, a portion of the order read as follows:

Debtor(s) shall file the required documents within fifteen (15) days of the filing of the petition. Failure to comply may result in passage by the Court of an order dismissing the case with prejudice under 11 U.S.C. Section 109(g) . . .

The court held that a debtor's failure to file a Chapter 13 plan and statement on time warranted dismissal of the case and prohibited the debtor from refiling for 180 days under Section 109(g)(1). However, the facts of this case are different. In its previous order entered denying confirmation, this Court merely found that the Absolute Priority Rule was not satisfied and that the Debtors' motion for confirmation would be denied. There was no order directing the Debtors to take any further action.

Furthermore, as there was no order directing the Debtors to take any further action, there could be no "willful failure" to abide by the order of this Court. In *In*

*re Pretzer,* 96 B.R. 790 (Bkrtcy.N.D.Ohio 1989), the debtor's Chapter 11 plan was dismissed by the court for failure to file a disclosure statement and plan. Less than three months later and on the eve of foreclosure, the debtor filed a Chapter 12 petition. Creditors moved to dismiss on the basis of Section 109(g). The court stated:

These parties note that Debtor filed his Chapter 12 petition within 180 days of the involuntary dismissal of his Chapter 11 petition. They further assert that his failure to file a disclosure statement and plan constitute willful failure to abide by orders of the Court, and provide a basis for dismissal. This Court does not agree. For the current action to be dismissed based on dismissal of prior case for failure of debtor to properly prosecute his case, a finding of willfulness is prerequisite. *See* 11 U.S.C. Section 109(g)(1); *In re Arena,* 81 B.R. 851, 16 B.C.D. 1303 (Bankr.E.D.Pa.1988); *In re Ryder,* 75 B.R. 890, 16 B.C.D. 279 (Bankr.W.D.La.1987); *In re Dodge,* 86 B.R. 535 (Bankr.S.D.Ohio 1988). This Court has made no such finding of willfulness. Debtor's inability to propose a disclosure statement and plan, standing alone, does not constitute willful failure to abide by an order of this Court. A party moving for dismissal under Section 109(g)(1) has the burden of introducing evidence to support its averment. *In re Key,* 58 B.R. 59, 60 (Bankr.E.D.Pa.1986). Because no evidence was before the Court to establish the "willful" element, the motion to dismiss pursuant to Section 109(g) must be denied. Id.

Similarly, in *In re Lawless,* 79 B.R. 850 (W.D.Mo.1987), the district court reversed the order of the bankruptcy court dismissing the debtors' Chapter 12 petition with prejudice, holding that in the absence of a specific finding of "willful failure" or bad faith, Section 109(g) did not apply.

In discussing Section 109(g), 2 *Collier on Bankruptcy,* para. 109.06 (15th ed.1989) states as follows:

Subsection (g), added to section 109 in 1984 as subsection (f) and redesignated as subsection (g) in 1986, makes ineligible for relief an individual or family farmer who previously had filed a petition under the Code if the earlier case had been pending within the 180–day period prior to the date on which the instant petition was filed, and the earlier case had either been (1) dismissed by the court on the ground that the debtor had disobeyed orders or had failed to appear to prosecute the case, or (2) dismissed on the debtor's motion after a request for relief from the automatic stay had been filed.

Thus, section 109(g) prevents certain tactics on the debtor's part that could be deemed abusive. The debtor who does not appear as required or who disobeys the court's orders and suffers dismissal of the case as a result is explicitly prevented from immediately filing another petition; under such circumstances, instant refiling would thwart the court's effort to preserve its authority. The debtor who obtains dismissal of the case when faced with a motion for relief from the section 362 automatic stay may not immediately refile and thereby frustrate creditors' attempts at having their rights adjudicated within a reasonable period of time.

While the circumstances described in section 109(g) do not exhaust the possibilities for abusing the Code by refiling following dismissal of the case, section 109(g) only applies when the particular circumstances described therein are present. (Footnotes omitted)

The Debtors' actions do not fall within the scope of subsection (g)(1) because the Debtors have not willfully disobeyed any order of this Court, nor do they fall within the scope of subsection (g)(2) because the dismissal was not upon the Debtors' motion.

Therefore, for the reasons stated above, this Court finds the Debtors' actions in allowing the Chapter 11 proceeding to be dismissed followed by the immediate filing of a Chapter 12 proceeding constitute an improper conversion, and the Chapter 12 proceeding should be dismissed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.