**In re Sue Ann VELKER, Debtor.**

**Bankruptcy No. 92–31482.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 28, 1992.

Raymond Beebe, Toledo, Ohio, for debtor.

Anthony Disalle, Trustee, Toledo, Ohio.

**MEMORANDUM OPINION
AND ORDER**

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court on Debtor's Motion for Reconsideration of the Court's Order dated July 20, 1992 which dismissed the Chapter 13 Petition. A

Hearing was held on August 10, 1992 and C. Drew Griffith appeared on behalf of Debtor. The Court has reviewed the argument of counsel, the relevant statutory and case law, as well as the entire record. Based upon that review, and for the following reasons, the Court shall adhere to its previous Order dismissing the case and the Debtor's Motion for Reconsideration is Denied.

## FACTS

Debtor filed her Petition pursuant to Chapter 13 of the Bankruptcy Code on April 15, 1992. On June 8, 1992, the Court approved Debtor's plan subject to submission of a legal description by June 18, 1992. On July 2, 1992, the Court issued an Order granting Debtor an additional ten (10) days to file the legal description or face dismissal of the Petition. More than ten (10) days elapsed and Debtor's petition was dismissed on July 20, 1992 for want of prosecution.

Debtor filed a Motion for Reconsideration on July 23, 1992. Affixed to the Motion was a legal description of real property located at 4511 Monac, Toledo, Lucas County, Ohio. The Motion for Reconsideration was scheduled for Hearing on August 10, 1992. Neither the Debtor nor her counsel of record appeared. C. Drew Griffith appeared on behalf of Debtor's counsel and presented an amended legal description. Mr. Griffith explained that the legal description had been submitted to the Trustee at the same time that the Petition was dismissed by the Court. The Court was never advised prior to the August 10, 1992 Hearing that this submission to the Trustee did occur.

## LAW

Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure reads as follows:

(1) **In General.** Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

## DISCUSSION

Debtor contends that the legal description and the Order dismissing the Petition passed in the mail. The legal description was forwarded to the Trustee on or about July 20, 1992 and the Order dismissing the Petition was issued on the same date. A Motion for Reconsideration was filed on July 23, 1992 incorporating the requisite legal description. An amended description of the real property was presented at the Hearing on August 10, 1992. Although after the expiration of prescribed time, the Debtor claims substantial compliance with the Court's Order.

■ The sole issue before this Court is whether the Order dismissing Debtor's Petition should be vacated since Debtor did comply with the Court's Order, albeit in an untimely manner. The Plan and Amended Plan were filed and confirmed subject to a contingency. The Debtor was given specific instructions regarding the due dates for completing the Plan by submitting the legal description. She completed the Plan by submitting the legal description after the expiration of the due date. The case was dismissed and subsequently, the Debtor requested that the Court reconsider the dismissal. The Debtor filed the requisite legal description contemporaneously with a Motion for Reconsideration. The Court therefore deems Debtor's Motion for Reconsideration a request to enlarge the time for submission of the legal description.

■ Rule 9006 of the Federal Rules of Bankruptcy Procedure specifically outlines prescribed time periods which must be met with strict compliance unless enlarged or reduced by court order. Enlargements requested before the expiration of the pre-

scribed time period are subject to the Court's discretion. Enlargements requested after the expiration of the prescribed time period are scrutinized based upon excusable neglect.

██ Neither the Bankruptcy Code nor the Rules define excusable neglect however, it appears to be discretionary with the trier of fact in each instance. *In re Arosemena*, 65 B.R. 246 (Bankr.M.D.Fla.1986). Numerous courts have interpreted "excusable neglect" as meaning "the failure to timely perform a duty due to circumstances which are beyond the reasonable control of the person whose duty it was to perform." *In re Carlton*, 72 B.R. 543 (Bankr. E.D.N.Y.1987) (quoting *In re Manning*, 4 B.C.D. 304 (Bankr.D.Conn.1978)). The burden of proving excusable neglect is on the party seeking the enlargement of time. *Carlton, id*, at 546.

██ Since Debtor's Motion was filed after the expiration of the prescribed time, the Motion for Reconsideration will only be granted if her failure to file the legal description is the result of excusable neglect. The record is clear. The Court was never advised of Debtor's alleged compliance with the Order until the Hearing on August 10, 1992. In essence the Debtor waited approximately sixty (60) days before corresponding with the Court. Even if the Court adopts Debtor's representation that she supplied the Trustee with the requisite documentation on the same date that the Court dismissed the Petition, Debtor has failed to offer any evidence that the untimely filing with the Court is based upon circumstances beyond her control. In fact, Debtor has never offered the Court any excuse regarding her failure to timely comply with its Order. Based upon the aforementioned facts, this Court will abide by its initial Order dismissing Debtor's Petition. Debtor's Motion for Reconsideration is therefore Denied.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

Ordered that Debtor Sue Ann Velker's Motion for Reconsideration be, and is hereby, Denied.